MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS
v. E. E. MILLER.

Decided February 18, 1899.

**1.  Charge of Court—Request Necessitates Charge, When.**

Though a requested charge be not strictly correct, yet if it calls the court's attention to a phase of the case raised by the evidence and not touched upon in the main charge, it devolves upon the court the duty of properly charging upon such phase.

**2.  Railway Company—Notifying Passenger of Arrival at Depot.**

A passenger who knew that the train had stopped at the depot at her destination can not recover damages from being carried past the station because of the negligence of an employe in failing to notify her when the depot was reached, as he had promised to do.

**3.  Same—Negligence for the Jury.**

A promise of a railroad employe to give a passenger special notice of the arrival of a train at a station is not ordinarily binding upon the company, but the question as to the employe's negligence in failing to keep his promise to inform a passenger when the depot was reached is for the jury, where the promise was made after the station had been called and the train stopped before reaching the depot.

APPEAL from the County Court of Rockwall. Tried below before Hon. I. J. AUSTIN.

*W. C. Jones,* for appellant.

RAINEY, ASSOCIATE JUSTICE.—Appellee sued to recover damages of appellant, alleging negligence on the part of appellant's servants in carrying her beyond the point of her destination, she being a passenger on appellant's train. She recovered judgment, from which this appeal is prosecuted.

The facts necessary to be here stated for a proper understanding of the issues discussed are that appellee with her little daughter boarded appellant's train as passengers at Rockwall, a station on appellant's road, her destination being Lancaster, also a station on said road. As the train approached Lancaster, said station was called by the gateman, and the train stopped at a water tank near the depot. The appellee then went to the front door of the coach in which she was riding, intending to alight from the train, believing the depot had been reached, she not being familiar with the station. The gateman met her at the door and told her that the depot had not been reached, that the train was at the water tank, and to take her seat, and according to her testimony he further told her he would notify her when the train reached the depot and assist her in

getting off. This latter statement is controverted by the evidence. The train moved up to the depot and stopped a sufficient time for passengers to alight, but no notice of the arrival at the depot was given her by the employes other than above stated. Appellee did not get off at Lancaster but was carried to the next station, where she got off and returned to Lancaster by the next train north.

Appellant's third assignment of error complains of the following paragraph of the court's charge, to wit: "If you find that the employes of defendant made announcements in regard to the approach of its train to Lancaster calculated to mislead plaintiff, and that through such wrong calls she sustained damage, you will find for the plaintiff."

The objection is that "there is no allegation or evidence to authorize such a charge." We think the charge error. The charge evidently refers to the call or announcement of "Lancaster" made by the gateman before stopping at the water tank; at least it bears that construction. There is no allegation in plaintiff's petition that she was misled by such call, nor is there any evidence to show that such call was made at an improper time and place for the station. The negligence of appellant's employes, if any, according to the testimony of Mrs. Miles, arises from the failure to give notice of the arrival of the train after leaving the water tank. This feature will be discussed under the next assignment.

The following special charge asked by appellant's counsel was refused: "You are charged that if you believe from the evidence that the plaintiff, Mrs. Miles, knew of the arrival of defendant's train at Lancaster station, and that she failed to get off said train,, and that she was carried past her destination to the next station, and if you further believe from the evidence that her failure to get off said train at Lancaster was caused by the gateman's promise to give said plaintiff special notice, or to notify her in person of the arrival of said train at Lancaster, and to assist her in alighting from said train, you are charged that said plaintiff was not authorized to rely upon the promise of said gateman to give her special notice of its arrival at her destination. The promise of the gateman to give her special notice of its arrival would not bind defendant, because it was not within the scope of his authority." The refusal of this charge is assigned as error. We do not consider this charge correct as a whole, but the first part thereof calls the court's attention to a phase of the case that is raised by the evidence but was not touched upon by the main charge. It being called to the attention of the court, however, we think a proper charge should have been given. The part of the charge here referred to is that which instructed the jury that if the appellee knew when the train reached the depot at Lancaster and failed to get off, the railroad company would not be liable. It is clear that if the appellee knew when the train stopped at the depot and failed to alight from the train, it is immaterial whether the railroad employes were guilty of negligence or not, she could not recover. We think the other portion of the charge requested, under the circumstances in this case, was misleading, and it was calculated to lead the jury to believe that the appellee was not entitled

to further notice of the arrival of the train at her station after leaving the water tank. As a general rule the promise of an employe of a railway to give a passenger special notice of the arrival of a train at a station is not binding upon the railroad, and the failure to comply with such promise will not entitle to a recovery therefor. It is the duty of railroads to give notice to passengers of the arrival of a train at a station, and generally it is considered sufficient that an announcement of a station be made in hearing of the passengers. Railway v. Alexander, 30 S. W. Rep., 1113; Railway v. Perry, 8 Texas Civ. App., 78; Railway v. Kendrick, 32 S. W. Rep., 42; Railway v. McCullough, 33 S. W. Rep., 285; Sevier v. Railway, 48 Am. Rep., 74.

In this case the announcement of the station was made upon the approach of the train, but the train stopped at the water tank before reaching the depot, and appellee was informed by an employe of appellant that the station was not reached, and the question arises whether or not, under the circumstances, appellee was entitled to further notice that the station had been reached. We think this is a question for determination by the jury, and the court should have instructed the jury that if appellee did not know when the train stopped at the depot, and the appellant's servants were guilty of negligence in not notifying her after leaving the water tank, the appellant would be responsible for the damages occasioned by such negligence. We do not deem it proper to hold as a matter of law under the testimony that if the gateman promised to give her notice and failed to do so, such would constitute negligence, but as before stated, we think it was the duty of the court to have instructed the jury on the issue whether or not appellant's servants were guilty of negligence in failing to give appellee notice after the train left the water tank of- its approach to or arrival at the depot, and whether .or not she knew when the station was reached.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*