### P. G. MAFFI ET AL. v. WM. B. STEPHENS, TRUSTEE.

Decided February 26, 1908.

**1.—Special Charge—Refusal—Practice.**

It is proper for the trial court to refuse a special charge when it is, in effect, the same as a charge already given; or when it is a mere abstraction and not applicable to the evidence; or when it is in part erroneous. In a suit to set aside a conveyance by an insolvent husband to his wife, special charges considered, and held subject to the foregoing objections.

**2.—Trial—Argument of Counsel—Brief.**

When an argument of counsel on the trial of a case is not improper per se, an assignment of error complaining of the same must be supported by a statement in the brief showing it was unwarranted by the facts or circumstances in evidence.

**3.—Same—Misconduct of Counsel—Practice.**

After the argument in a trial had been concluded and the jury were about to retire to the jury room, counsel for the plaintiff, in the hearing of the jury, asked counsel for the defendant if they were willing for the jury to take with them the depositions of one of the defendants; counsel for the defendants excepted to the conduct of counsel for plaintiff in asking such a question in the hearing of the jury on the ground that it was calculated and intended to prejudice the jury against the defendants, but the bill of exception did not show what reply was made by counsel for the defendants nor what was done in the matter. Held, it was the duty of defendants' counsel, if they deemed the question improper, to have then and there requested the court to inform the jury that the law did not allow them to have the deposition, and in the absence of some such effort to correct the supposed prejudicial impression, no advantage can be taken on appeal of the supposed wrong.

**4.—Same—Same.**

Allegations in a motion for new trial, even though supported by the affidavits of some of the jurors, to the effect that they were influenced by the argument of counsel as to the effect of their verdict, are not sufficient to make the fact of the argument having been made a part of the record on appeal. That fact should be evidenced and presented by bill of exception.

**5.—Debtor—Conveyance by—Intent—Effect.**

When a debtor conveys property to pay a creditor but conveys more than is reasonably sufficient for that purpose, the setting aside of the conveyance will be solely for the benefit of the creditors he had at the time of the conveyance, provided the conveyance was made with the intention to pass absolute title to the property as distinguished from an intention to shield it from creditors. Where the latter intent exists, future creditors as well as existing ones may have the conveyance set aside as fraudulent.

**6.—Trial—Submission of Issues—Practice.**

   Where, in a suit to set aside a conveyance by the husband to the wife because fraudulent as to creditors, the evidence was such as to authorize a finding by the jury either that the conveyance was fraudulent as to creditors generally, or only as to such creditors as existed at the time the conveyance was made, and the defendant fails to request that the case be so submitted as to ascertain which state of facts the jury found to exist, the court did not err in refusing to enter a decree avoiding the conveyance only as to creditors existing at its date, when the jury returned a general verdict for the plaintiff.

   Appeal from the District Court of Bexar County.   Tried below before Hon. A. W. Seeligson.

   *Keller & Keller,* for appellants.—If a husband converts the corpus of his wife's separate estate, either by using it for his own purposes or by otherwise investing it in property in his own name, he thereby becomes a debtor to her for the amount so appropriated, and may consequently convey to her in payment either the property purchased or other property of his own; and if there be no material disparity between the liability and value of the property conveyed, equity will uphold the conveyance and protect her rights against the claim of other creditors.   Massie v. McKee, 56 S. W. Rep., 119; Thompson v. Wilson, 60 S. W. Rep., 355, 356; Cabell v. Menczer, 35 S. W. Rep., 207, 208; McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111; Wiley v. Gray, 36 Miss., 510; 14 Eng. & Am. Enc. of Law, 234; Bump on Fraud. Conv., secs. 165, 167, 168, 169, 187; Speer on Married Women, sec. 38.

   When the husband uses the separate money of the wife in purchasing land and takes the title in his own name, equity considers the wife the real owner.   Edwards v. Brown, 68 Texas, 333, 334; Blum v. Rogers, 71 Texas, 676, 677; Hunt v. Matthews, 60 S. W. Rep., 674; McKamy v. Thorp, 61 Texas, 648; Carter v. Bolin, 30 S. W. Rep., 1084, 1086; Simpkins Equity, 143.

   Where the husband invests money, which is the separate property of the wife, in the purchase of other property, taking the conveyance in his own name, a trust immediately arises in favor of the wife.   Parker v. Coop, 60 Texas, 116; Ross v. Kornrumpf, 64 Texas, 390, 394; Evans v. Welborn, 74 Texas, 532; Matador L. & C. Co. v. Cooper, 39 Texas Civ. App., 99; Brown Hardware Co. v. Malwitz, 10 Texas Civ. App., 458; Kinlow v. Kinlow, 72 Texas, 639; Stoker v. Bailey, 62 Texas, 299; Yoe v. Montgomery, 68 Texas, 338; Garner v. Bank, 151 U. S., 420 (38 L. C. P., 218); Speer on Married Women, secs. 38, 39.

   A husband in failing circumstances may make a valid conveyance of property to his wife, provided he transfers no more than is reasonably sufficient in value to discharge the debt, although it will prevent other creditors from enforcing their claims.   Torrey v. Cameron, 73 Texas, 583; Texas Drug Co. v. Shields, 20 Texas Civ. App., 274; Lewy v. Fischl, 65 Texas, 311; Ellis v. Valentine, 65 Texas, 532; Greenlee v. Blum, 59 Texas, 124; Smith v. Whitfield, 67 Texas, 124; Halff v. Goldfrank, 49 S. W. Rep., 1097.

*Jno. C. Sullivan* and *Geo. C. Altgelt,* for appellee.

JAMES, CHIEF JUSTICE.—Appellee Stephens, as trustee in bankruptcy of P. G. Maffi, brought this suit against Josefita M. Maffi, wife of the bankrupt, and P. G. Maffi, to set aside certain conveyances from Maffi to his wife, alleged to have been executed in fraud of creditors. The verdict and judgment were for the trustee.

The first assignment of error involves the refusal of a peremptory charge asked by defendant. The substance of appellant's propositions is that the evidence was not sufficient to authorize a finding for plaintiff upon any theory. Our conclusions from the evidence, in view of the verdict returned, are that there was sufficient evidence to warrant finding that the conveyances in question were executed with intent to hinder, delay or defraud Maffi's creditors; and a finding against the theory that Mrs. Maffi was a creditor of her husband and that the conveyances were made to satisfy such indebtedness, or that the property was no more than reasonably sufficient to satisfy the indebtedness; and also a finding against the theory that the property had been acquired with her separate funds. These conclusions dispose of this assignment, and likewise of the second, third and fourth.

The fifth assignment complains of the refusal of the following instruction: "The defendants requested the court to instruct the jury as follows: That a debtor may prefer one creditor, paying him in full, thus exhausting his whole property, leaving nothing for his other creditors. He may also partially pay a portion of his creditors in unequal payments, and wholly neglect his other creditors, and yet the law will not disturb such disposition of his property, if done in good faith. You are further instructed, as a matter of law, that a debtor in failing circumstances has a right to prefer one creditor to another, and to pay one creditor with goods obtained on credit from another creditor."

The first clause of the above was given, in substance, in another instruction asked by defendant, being special charge No. 2. The second clause was a mere abstraction and not applicable to the evidence. The third clause, if it should be held to contain anything that was not embraced in the charges that were given, ought not to have the effect of causing a reversal, for the reason that the second clause embodied what would have been improper to give, and the rule is that if a requested instruction is erroneous in part, the whole of it is properly refused.

The sixth assignment complains of the refusal of this charge: "You are hereby instructed that a conveyance of property made in good faith to pay an honest debt is not fraudulent, though the debtor may be insolvent and the creditor is aware, at the time of sale, that it will have the effect of defeating other creditors in the collection of their debts."

The principle embodied in the above was, in its application to the evidence, correctly given by the charge. The court charged that if the conveyances in question were made for the purpose of satisfying an indebtedness of Maffi to his wife and the property conveyed

was no more than was reasonably sufficient to pay same, to find for defendant. The jury were thus told that if the purpose of Maffi was to pay a debt he owed his wife, and the property he conveyed to her was no more than was reasonably sufficient for the purpose, to find outright for defendant. The plain and unmistakable meaning of this was that said facts alone required a verdict for defendant. It seems to us, in view of this, that it was not necessary, in defendant's interest, for the court to have added what is contained in the said requested charge.

The seventh assignment is overruled as the charge placed the burden of proof by a preponderance of the evidence upon plaintiff.

The eighth assignment is overruled. It is directed to the first paragraph of the charge, which reads: "If you believe from the evidence that on or about the date of the conveyances of the real estate from P. G. Maffi to J. M. Maffi, set out in plaintiff's petition, that P. G. Maffi owed debts and that such conveyances of said real estate were made by P. G. Maffi to J. M. Maffi with intent to delay, hinder or defraud his creditors, you will return a verdict for the plaintiff."

The succeeding paragraphs of the charge told the jury to find for the plaintiff, or the defendant, in reference to certain combinations of facts, and the complaint that appellants seem to offer to the first paragraph is that as framed it was calculated to mislead, and the court, to avoid this, should have explained or qualified it in some way in order that the jury would know that if the conveyances were made to pay one creditor and no more property was conveyed than was reasonably necessary to pay the debt, that it would be valid, although the intent and effect thereof would be to hinder or delay other creditors. The charge submitted the issue generally in the terms of the statute, and it was not erroneous, though general. If further elaboration or explanation in regard to it was desired, a request therefor should have been made.

The ninth assignment complains of counsel for plaintiff stating to the jury: "That since the first deposition has been taken the records have been examined, and she was forced to testify differently," referring to Mrs. Maffi. This upon the face of it can not be declared improper argument, and the brief does not attempt to show us by any statement that it was unwarranted by the facts or circumstances in evidence.

The tenth complains of the following conduct of plaintiff's counsel, as follows: "Be it remembered that upon the trial, George G. Altgelt, one of counsel for plaintiff, after the final closing speech had been concluded and in the presence of the jury before they retired to the jury room, turned to the attorneys for the defendants and said, 'Are you willing for the depositions to go to the jury?' To which remark of counsel the defendants objected, because said language was improper and was used for the purpose of prejudicing the jury against the defendants and influencing the jury in its verdict, as counsel well knew that our laws positively prohibit the allowing of depositions to be taken to the jury room, and now

tender this bill of exceptions and asks that the same be signed and filed as a part of the record in this cause," which was done.

The bill does not show what was done, but from the fact that the court gave the bill without any qualification, it may be presumed that defendants' counsel either did not respond, or accede to the suggestion, and we will so regard it. Our statute provides that depositions are not papers which the jury may take with them; but it is clearly a matter that might be waived. Our opinion is that if the suggestion of plaintiff's counsel was made under circumstances that would have led the jury to understand that by not acceding to it, defendants' counsel were afraid to let the jury have the depositions to read, it seems to us that such impression would have been effectually removed, if the latter had requested the court to inform the jury that they could not have the depositions, because the statute did not allow it. In the absence of an effort on the trial to correct the possible prejudicial impression, defendants can not obtain a benefit of the matter on appeal. Hasper v. Wietkamp, 79 N. W., 192.

The assignments from eleven to eighteen, inclusive, are disposed of by our conclusions of fact.

The nineteenth and twentieth assignments complain of two things which are so related that we shall consider them together. It appears from the motion for new trial that Geo. C. Altgelt, counsel for plaintiff, in his argument stated to the jury that a verdict for plaintiff did not take away from Mrs. Maffi the property deeded to her by her husband, but simply made said property liable for the debts owed by said P. G. Maffi on January 31, 1903, when said conveyances were made, and the property would be hers subject to the payment of that amount, and that all the jury had to do was to bring in a verdict as follows: "We, the jury, find for the plaintiff," and that the court would provide in the decree for the payment of said amount due by P. G. Maffi at the time he conveyed the property to his wife, and that the said property would only be liable for said amount.

In the nineteenth assignment it is alleged that accordingly when the jury brought in the verdict, they did so believing Altgelt's statement. But that the judgment presented by him and approved by the court canceled the deeds, and divested the title from defendants and vested it in plaintiff, the trustee, and did not in any manner limit same to the creditors which Maffi had on January 31, 1903. It alleges also and sets forth an affidavit of three of the jurors to the effect that the jurors when they brought in their verdict did so believing the statement of Altgelt that the property would be liable only for the debts Maffi owed at the time of the deeds, and that upon that basis they gave the verdict.

The remark of Altgelt, if made, is not before us by any bill of exception or other proper certificate. The court overruled the motion for new trial, and we can not act upon the theory that such remarks were made. The allegation in the motion for new trial and the supporting affidavit of the jurors are not sufficient to supply the fact as a part of the record. The motion did not involve misconduct

of the jury under the Act of February 24, 1905, Gen. Laws 1905, p. 21. Consequently, we overrule the nineteenth assignment.

The twentieth is that the court erred in refusing defendants' motion to reform and amend the decree so as to make the property liable only for the debts admitted and agreed upon by the parties as due and owing by Maffi at the date of the deeds and in accordance with the above statement of Altgelt. As already stated, the remark of Altgelt is not properly before us for consideration. If defendants are entitled to such decree as indicated by them, the right must rest upon the pleadings and evidence in the cause in connection with the verdict rendered. If the deeds to Mrs. Maffi were gifts to her by her husband it is clear that she would have taken the property subject only to his then existing debts. Dosche v. Nette, 81 Texas, 265. But there was no such theory in the pleadings and evidence in this case. Mrs. Maffi's claim was that it was her money that purchased the property; also that her husband was her debtor and conveyed the property to pay the debt, conveying no more than was reasonably sufficient for that purpose. No gift was asserted.

It is probably true also that when a debtor conveys property to pay a creditor, but conveys more than is reasonably sufficient for the purpose, the setting aside of the conveyance will be solely for the benefit of his creditors he had at the time of the conveyance, provided the conveyance was made with the intention to pass absolute title to the property as distinguished from an intention to shield it, or a part of it, from creditors. If there exists the latter intent in such a transaction, future creditors, as well as existing ones, may have the conveyance set aside as fraudulent. Rives v. Stephens, 28 S. W. Rep., 707. Future creditors may participate in any case where the intent and purpose are to place property, by a voluntary conveyance, beyond the reach of creditors. If the evidence had clearly established a gift of the property to Mrs. Maffi, we would be inclined to hold that she would be entitled to have the decree modified as requested. But there is no suggestion in the evidence of any intention to make a gift to her.

The verdict is a general one, "for the plaintiff." As the case was submitted, a verdict was authorized for plaintiff, first, if the conveyances were made with the intent to delay, hinder or defraud creditors; and, second, if the consideration, if any, that passed from Mrs. Maffi to her husband for the property was not the reasonable value thereof, or the value of the property largely exceeded the amount of money, if any, received by Maffi from the separate property of his wife, and the jury further found that at the date of the conveyances Maffi owed debts and was not then possessed of property within the State subject to execution, sufficient to pay his existing debts.

From the verdict it is impossible to say upon what particular theory the jury found it. The jury, as it was possible for them to do, may have concluded from the evidence, as given, that the property was not acquired with Mrs. Maffi's separate funds and also that her husband did not in fact owe her; but that it was com-

munity property and that the intent and purpose of the conveyances at the time they were made were to place it where it would be safe from Maffi's creditors generally. As this may have been what the jury found, such finding would make the recovery available to creditors generally, we think we would not be justified in holding that the court erred in refusing to qualify the decree.

If defendants had desired the findings to be so directed as to enable the court to know upon what view the verdict was found, in order that it might be determined whether or not the conveyances should be set aside only in favor of the original creditors, it seems to us that defendants ought to have sought such a submission, instead of leaving the case to be submitted as it was. The judgment is affirmed.

*Affirmed.*

Writ of error refused.