JOHN MAXFIELD v. THE STATE.

No. 3916.    Decided May 6, 1908.

**Game Law—Statutes Construed—Ensnaring Fish by Net.**

In a prosecution under section 2, chapter 75, page 154, Act of the Thirtieth Legislature, making it an offense to take, catch, ensnare or entrap any fish (except minnows for bait) by means of nets or in any other manner than with the ordinary. hook and line, etc., where the evidence showed that defendant put a net in the river and then got in between the ends of the net and caught the fish ensnared and entrapped therein, and threw them out on the bank with his hands, he was guilty of a violation of said act.

Appeal from the County Court of Smith. Tried below before the Hon. J. A. Bulloch.

Appeal from a conviction of a violation of game law; penalty, a fine of $25.

The opinion states the case.

*Gentry & Castle,* for appellant.

*F. J. McCord,* Assistant Attorney-General, and *Roy Butler,* County Attorney, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Smith County of violating the game law of this State, and on such conviction was fined the sum of $25.

1. Section 2, of Chapter 75 of the Act of the Thirtieth Legislature, p. 154, provides: "If any person shall at any time during the year take

catch, ensnare or entrap any fish (except minnows for bait) by means of nets, or in any other manner than with the ordinary hook and line or trot line, except as specified in section 1 of this chapter, such person shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than $25 nor more than $100." The evidence shows that defendant put a net in the river and then got in between the ends of the net and caught the fish, ensnared and entrapped therein and threw them out on the bank with his hands. In this condition of the proof and on this question the court instructed the jury as follows: "Now if you should find from the evidence beyond a reasonable doubt that on or about the 10th day of July, 1907, in Smith County, Texas, defendant did take, catch and ensnare and entrap fish (except minnows for bait) by means of a net or nets or with his hands by use or in connection with net or nets or with his hands only and not with ordinary hook and line and trot line and not minnows for bait, you will find defendant guilty and assess his punishment by fine of not less that $25 nor more than $100." The vice in this charge, as claimed by appellant, consists in the fact that the court charged the jury that it was a violation of the law for the defendant to catch fish with his hands only, and not with the ordinary hook and line or trot line. It is claimed that this charge is erroneous in that it tells the jury as a matter of law, that if a man takes fish out of the water with his hands and not by means of a hook and line and trot line that he is guilty under the law; whereas, it is claimed that a fair construction of the statute would mean that if a man should take fish by some artificial means other than by the ordinary hook and line and trot line, that he would be guilty and that he would not be guilty from the mere fact that he took fish from the water with his hands without any artificial device, or other means such as were never contemplated by the Legislature as constituting a violation of the law. We do not think that as applied to the evidence, this charge is fairly subject to the construction placed thereon by appellant and that while not expressed in probably the clearest possible language, but having reference to the information and viewed with reference to the facts of the case, it was not erroneous. Besides, the act of the Legislature above quoted, in terms, makes it an offense to catch, ensnare or trap fish by means of nets or in any other manner than with the ordinary hook and line and trot line. The Legislature in words and in terms of law, as strong as language could make it, prohibits the catching of fish by any other means than with a hook and line or trot line. That such was the intent of the Legislature is made probable, if not indeed evident, by the use of the language, "or in any other manner." In this case it does not appear that appellant wholly took, caught, entrapped or ensnared the fish with nets, but these nets were used in catching the fish and in confining them and in making it possible for him to take them in large numbers, and it is evident that they were not taken with the ordinary hook and line or trot line, and that the act for which he is prosecuted, as demonstrated by the facts to which the charge of the

court applied them, was such an act as in terms was prohibited by law.

Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*