## TEXAS TELEGRAPH & TELEPHONE COMPANY v. J. R. SCOTT.

### Decided March 23, 1910.

**1.—Negligence—Lightning—Telephone Wire.**

Evidence considered and held to support a recovery for negligence of a telephone company which had removed its receiving instrument from a residence, in failing to adopt proper precaution against the carrying of electric currents into the house upon its wires left therein, whereby one living there was injured by a discharge of lightning carried into the building upon such wires.

**2.—Same—Charge.**

One dealing with a dangerous instrumentality, such as electricity, is bound to use ordinary care in the selection and adoption of proper appliances to guard against injury thereby, and is not excused for failure to do so by the fact that the device employed was as efficient as it knew of, where better means existed and would have prevented the injury.

**3.—Same—Requested Charge.**

If the charge omits to present all the law favorable to a party, it is his duty to prepare and present a proper charge supplying the omission. If the requested charge is not correct in law, it is not error to refuse it, though it suggests an omission which a correct one would have supplied.

**4.—Charge—Negligence—Electric Wires.**

Instruction considered and held not subject to the criticism that leaving the wires in a building after removing the telephone receiver therefrom was treated as negligence in law, the charge being considered as a whole, and the contrary construction being made clear by other paragraphs and a requested instruction given.

**5.—Damages—Loss of Wife's Services.**

In an action by the husband for damages by personal injuries to the wife, the value of her labor lost through resulting disability may be estimated by the jury from proof of the services previously performed, the nature of the injuries, and the circumstances, in connection with their general knowledge. It is not necessary to call witnesses to estimate the value of the services.

Appeal from the District Court of Llano County. Tried below before Hon. Clarence Martin.

*Flack & Dalrymple* and *Geo. E. Shelley,* for appellant.—If appellant was not entitled to the instruction requested in the form ·presented, then the request for same was sufficient to direct the court's attention to its right to have a proper charge upon that subject, in view of the pleadings and evidence, and the failure of the court to charge upon such theory in the main charge. Kirby v. Estill, 75 Texas, 487; Gulf, C. & S. F. Ry. Co. v. Hodges, 76 Texas, 93; Missouri, K. & T. Ry. Co. v. Webb, 20 Texas Civ. App., 441; Williams v. Emberson, 22 Texas Civ. App., 528.

The court's charge is erroneous, misleading and unintelligible, and if any meaning whatever can be gathered therefrom, it is to the effect that the jury is instructed that in law, the defendant would be chargeable with negligence for leaving ꞌwires in a residence after removing the telephone instrument, if such wires were capable of conducting lightning into such residences. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 81; Texas & P. Ry. Co. v. Reich, 15 Texas Civ. App., 15; Cordill v. Moore, 17 Texas Civ. App., 219.

The verdict of the jury wherein it awards the sum of $1,800 to ·plaintiff for diminished capacity of his wife to discharge her household duties and earn money, is contrary to and unsupported by the evidence, and there was no sufficient evidence to show what she was capable of doing or earning, if anything, before the alleged accident, and no evidence as to the value of her labor either before or after the alleged accident. Houston & T. C. Ry. Co. v. Bird, 48 ·S. W., 756; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 351; International and G. N. R. Co. v. Simcock, 81 Texas, 503.

*F. J. Johnson* and *O. R. Seiter,* for appellee.—The special instruction was not the law of the case, and was properly refused by the court. Southern Tel. & Tel. Co. v. Evans, 54 Texas Civ. App., 63; Southern Bell Tel. & Tel. Co. v. McTyer, 137 Ala., 601, 34 So., 1020; Griffith v. New England Tel. & Tel. Co., 72 Vt., 441, 52 L. R. A., 919; Evans v. Eastern Ky. Tel. & Tel. Co., 99 S. W., 939; 1 Joyce on Electric Law, 445f.

The verdict of the jury is amply supported by the evidence based on a finding either, first, that it was defendant's duty to have entirely removed its wires from plaintiff's residence, regardless of the care taken to protect them; second, that defendant did not exercise due care in equipping its wires with proper appliances to prevent lightning being conducted over its wires into plaintiff's residence, because (a) the only protection defendant claims to have provided for plaintiff's residence, to wit: wrapping its wires together, was, in fact, not provided; (b) if said protection was provided, there was known a more efficient manner of protection against lightning, hence defendant did not exercise ordinary care. See authorities cited, supra, also Jackson v. Wisconsin Tel. Co., 26 L. R. A., 101; 2 Thompson on Negligence, 1067; Wharton on Negligence, 86.

The diminished capacity of a wife to perform services may be inferred from the nature and character of the injuries sustained, and value of these services may be ascertained by a jury from their common knowledge as men, based upon the circumstances and conditions

in which said husband and wife lived. Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 244; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W., 167 and authorities cited; Gulf, C. & S. F. Ry. Co. v. Younger, 40 S. W., 425.

RICE, ASSOCIATE JUSTICE.—Mrs. S. A. Scott, wife of appellee, while sitting in her home on the 14th of July, 1908, in the town of Llano, was struck and seriously injured by lightning, alleged to have been conducted into her house by means of appellant's wires, and this action is brought by appellee, her husband, to recover damages therefor.

The ground of negligence upon which appellee relied for recovery was, in effect, that the appellant was guilty of negligence in permitting its telephone wires to remain in appellee's residence after removing therefrom its telephone instrument, and in not properly equipping said wires with appliances to prevent lightning being conducted over its wires into his residence, by reason whereof lightning was conducted over said wires into appellee's residence and his wife injured.

Appellant answered by general demurrer and general denial, and specially plead that plaintiff's wife's injuries were due to an act of God, against which human foresight could not provide; that its wires connected with said residence had the proper and necessary ground connection, which is the best safeguard against such danger known to science; and further specially denied that said lightning was conducted into plaintiff's residence through or over its wires; and alleged that the same was conducted into said residence over the wires of the Martin Telephone Company and the Llano Electric Light Company, which also ran into said house.

There was a jury trial, resulting in a verdict and judgment for appellee, from which this appeal is prosecuted.

Prior to the removal of plaintiff to the house in question, which was about a month before the accident, it appears that both appellant and the Martin Telephone Company had had phones in the building, both of which however had been removed therefrom; but while the instruments were taken out of the house, the wires of both companies were allowed to remain. There is some conflict in the evidence as to which wire conducted the lightning into the building; but we think the great preponderance thereof is in favor of the contention of appellee that it came in over the wires of appellant. The evidence shows that appellant failed to use what is known as a lightning arrester, which is a device commonly used for conducting the lightning from the house; and, while the evidence shows that it grounded its wires, that is, twisted the line wire and the ground wire together, and disconnected the same from its main line, some distance away from the house, yet this is controverted by the testimony of appellee, which tended to show that these wires were not grounded and were not disconnected from its main line. While there is evidence tending to show that twisting the line wire and the ground wire together is one of the safeguards to prevent lightning from entering the house, yet there is evidence to the effect that the use of a lightning arrester is a better one. And the evidence of appellant itself is to the effect that the best and surest prevention of danger in this respect is to remove

the wire entirely from the house, when the instrument is taken out, which was not done by appellant in this case. So we conclude that the evidence shows that the injury complained of was caused by the negligent failure of appellant to remove its wires from the house, or, having left them there, to properly safeguard the same by approved appliances for preventing injury from lightning conducted thereover.

The failure to give the following charge requested by appellant is assigned as error: "You are further charged in this cause that although you may believe from the evidence that the stroke of lightning which is alleged to have injured plaintiff's wife, was conducted in plaintiff's residence over and by virtue of defendant's wires, still, if you believe that such wires were grounded by wrapping the line (wire) with the ground wire, and that was as good protection as known to defendant's agents and employes, you can not return a verdict in favor of plaintiff."

We are not prepared to agree with appellant's contention in this respect, because we believe the duty devolving upon it was not only to use as good precaution as was known to it or its agents, but the further duty was imposed of at least exercising such reasonable precaution as a man of ordinary care and prudence would do to select and use the best methods known to science for the prevention of such injuries; and since it was operating a dangerous agency, it could not escape liability, we think, alone on the plea that the instrumentalities used for the protection of its patrons were as good as known to it, because if there were better methods known to science by which it could protect them from such danger, it should be held at least to the exercise of ordinary care to select and use them. (Southern T. & T. Co. v. Evans, 54 Texas Civ. App., 63, 116 S. W., 418; Southern Bell T. Co. v. McTyer, 137 Ala., 601, 34 So. Rep., 1020, 97 Am. St. Reps., 62; Griffith v. New England T. & T. Co., 72 Vt., 441; 48 Atl. R., 643; 52 L. R. A., 919; Evans v. Eastern Ky. T. & T. Co., 99 S. W., 936; 1 Joyce on Electric Law, 445f.)

In Southern Bell T. Co. v. McTyer, supra, it is said: "If by the exercise of such reasonable precaution as a man of ordinary care and prudence would exercise in respect of such a dangerous agent injuries to persons and property from the conduction along the wires and into houses of currents of atmospheric electricity may be avoided, it is the duty of companies engaged in this business to employ devices and appliances to that end." Believing that there was no error in the refusal of said special charge, the third assignment is overruled.

Nor do we believe that there is any merit in appellant's second proposition under this assignment, to the effect that the above charge directed the court's attention to its right to have submitted a proper charge upon this subject, because we understand the law to be that if there is omission or failure on the part of the court to present all the law applicable to the case, it becomes the duty of the plaintiff to prepare and present a proper charge accurately embodying the same; and that the failure of the court to give a requested charge which fails in this respect, is not error, notwithstanding the same may be suggestive of a proper charge upon the subject.

By appellant's fifth assignment, it is urged that the court erred in

its charge to the jury wherein they were instructed as follows: "It is the duty of telephone companies, when removing telephones from residences occupied, or to be occupied, by persons for the purpose of a residence, to exercise ordinary care and leave nothing there that would serve as a conductor of lightning into such building that would cause damage; proportioned to the known danger, if any, of the conditions surrounding such business, or if they do leave anything in a building that they would know by the exercise of ordinary care is liable to conduct lightning into it, they are bound to use ordinary care in providing all such attachments entering the building, with appliances to prevent injury or damage therefrom, and if they fail to use ordinary care in removing a telephone from a building and leave wires therein capable of conducting lightning into such building, and injury should result therefrom a telephone company would be liable for all damages that might accrue; providing the damage resulting therefrom is the direct and proximate result of the negligence of the company to use ordinary care in removing such telephone from the building, or leaving therein wires capable of producing the injury, and should amount to negligence on the part of the telephone company and provided further that the party injured does not by his own negligence contribute to the injury." Appellant by its proposition under this assignment insists that said charge is misleading, because it in effect instructed the jury that, in law, the defendant would be chargeable with negligence for leaving wires in the residence after removing the telephone instrument therefrom, if such wires were capable of conducting lightning into the same. While the charge is not as clear as it might be in this respect, we think it is not open to this criticism when considered in connection with other portions of the main charge upon this subject, as well as the special charge given at the instance of appellant. In the main charge the jury were instructed, in effect, that they could not find for plaintiff unless they believed that appellant, through its agents or servants, carelessly and negligently left wires extending into said residence in such manner as to afford no protection to plaintiff and his wife, and that a person of ordinary care would not have left said wires in such condition. The main charge further instructed the jury that negligence is never presumed on the part of the defendant, but must be proven by a preponderance of the credible evidence adduced. And at the instance of appellant, the following special charge was given on this subject:

"You are further charged in this case that negligence can not be presumed against defendant by reason of the fact that its wires were left into plaintiff's residence after the removal of the phone, which had been attached to it, but negligence must be proved as any other fact in the case."

We think that subsequent portions of the main charge, together with the special charge just quoted, renders harmless the error, if any, in the charge assailed. It is said in Mercer v. Hall, 2 Texas, 284, as shown in the syllabus: "Though a charge to the jury may embrace erroneous propositions, it is not sufficient cause for a reversal of the judgment, when the effect of the errors is removed by other portions of the charge, and upon the whole, the charge given was not

unfavorable to the party seeking the reversal." (See also upon this subject Hardy v. DeLeon, 5 Texas, 211; Wood v. Chambers, 20 Texas, 247; Carson v. Moore, 23 Texas, 452; Covingtons v. Burleson, 28 Texas, 371.

The verdict of the jury in awarding $1,800 to appellee for the impairment and diminished capacity of his wife to discharge her household duties and to earn money is challenged as being without evidence to support it, in that there is no evidence in the record showing the value of her services in money.

Appellee by his counter-proposition, however, insists that the evidence supports the verdict in this respect, because the diminished capacity of a wife to perform services may be inferred from the nature and character of the injuries sustained; and the nature and value of those services to the husband may be ascertained by a jury from their common knowledge as men, based upon the age, assistance, comfort and society the wife would be expected to render to the husband; and the conditions in which said husband and wife lived. We are inclined to agree with appellee in this contention. In Railway v. Lacy, 86 Texas, 244, it is said upon this subject, as shown by the syllabus: "From a detailed statement of the position of the wife, her family, her household duties and labor, a jury can estimate the value of such services as well as any witness likely to be called. It is unnecessary that witnesses should give money estimate of such value." (See also Missouri, K. & T. Ry. Co. v. Vance, 41 S. W., 167; Gulf, C. & S. F. Ry. Co. v. Younger, 40 S. W., 425.)

It was shown that Mrs. Scott was 33 years of age, and had an expectancy of 33 years; that she began working as a little girl, and since her marriage, in addition to discharging her household duties she had kept boarders, usually about fourteen, with the assistance of her daughter, a girl some twelve years of age, that before she was thus stricken, she could paint and sew, had taught both painting and sewing, but could not do these things now; that while she had received injuries when she was a little girl, she had fully recovered within a few years thereafter, that at the time she was struck by lightning she was doing nicely and was in better health than she had been for ten years. It was shown that since the injury she was weak, really not able to be up, complaining all the time of nervousness and could not sleep; and, without going into detail, it may be said that the proof shows that the injuries she received from this stroke of lightning were serious and permanent. She was rendered practically blind in one eye, her teeth were either broken off, loosened or cracked, she was partially paralyzed for a short while, her nervous system was injured, affecting her sleep, and she was likewise caused to miscarry by reason thereof. We do not think it was necessary to call in witnesses to prove the value of the services of the wife, since the jury from the evidence, could arrive at a reasonably satisfactory conclusion as to their value.

In Missouri, K. & T. Ry. Co. v. Vance, supra, where the husband had sued to recover damages for personal injuries to himself and his wife, sustained in a collision between the trains of said company, in

treating of this subject, it was said by the lamented Chief Justice Fisher:

"But for loss of time by the wife, which he seeks to recover for, as shown in this case, a different rule obtains. The expression 'loss of time of the wife,' evidently means, and was so intended to mean, the loss of the value of the services of the wife to the plaintiff by reason of the injuries she received. If the injuries sustained by the wife are of such a character as naturally or necessarily implies a destruction or diminution of her physical and mental qualities, the time and services lost as the result of such condition would be recoverable as general damages, and the amount thereof need not be specially alleged, as it could be ascertained under the general averment. (Citing authorities.) The diminished capacity of the wife to perform services may be inferred from the nature and character of the injuries sustained, and the nature and value of these services lost to the husband may be ascertained by a jury from their common knowledge as men. The term 'service,' when applied to the functions of a wife, is not measured by any fixed or conventional standard of value, but may be ascertained by a jury from their common knowledge of such things, based upon the 'aid, assistance, comfort and society the wife would be expected to render to the husband under the circumstances and conditions in which they may be placed, whatsoever that may be'." Citing many authorities in support of the doctrine.

What we have just said disposes of the question raised by appellant's thirteenth assignment of error.

It will be unnecessary to consider the remaining assignments, which raise questions of fact, since, in our judgment, the evidence is sufficient to sustain the verdict.

Finding no reversible error in the record, the judgment of the court below in all things is affirmed.

*Affirmed.*

Writ of error refused.