## SOUTHWESTERN PORTLAND CEMENT CO. v. McBRAYER.†

(Court of Civil Appeals of Texas. El Paso. Oct. 12, 1911. On Motion for Rehearing, Nov. 1, 1911.)

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—MACHINERY AND TOOLS—INSPECTION.

Machinery and tools furnished by a master for a servant's use may be so intricate and complex that the master, as an ordinarily prudent man, as a matter of law, would be required to inspect them in the exercise of ordinary care; and, conversely, a tool or appliance may be so simple and common, and one with which the servant is so familiar, that no inspection is required as a matter of law; and between these two cases may arise those in which reasonable men might differ as to whether an inspection was required, in which case the question is for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1029; Dec. Dig. § 286.*]

### On Motion for Rehearing.

2. MASTER AND SERVANT (§ 293*)—INJURIES TO SERVANT—TOOLS AND APPLIANCES—INSPECTION—INSTRUCTIONS.

In an action for injuries to a servant by a defect in a ladder, an instruction that if the jury believed the ladder was defective, and the defects were such as might have been discovered by defendant by ordinary care, and defendant failed to use such care, the jury should find for

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

the plaintiff, in effect charged that, if defendant might have discovered the defect and did not, it would be liable, and therefore was insufficient to submit to the jury, as a question of fact, whether the ladder was such an appliance as required inspection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1161; Dec. Dig. § 293.*]

3. TRIAL (§ 261*) — INSTRUCTIONS — REQUEST TO CHARGE.

Where an issue has been presented by the trial court in its main charge, though such presentation may be general, yet, if either party desires a fuller charge on the subject or an affirmative presentation of the issues from his standpoint, he is bound to present a charge accurately and correctly written and applicable to the facts, but if the court has failed to charge on a material issue raised by the pleadings and the testimony, then a special charge requested, though incorrect in itself, is sufficient to call the court's attention to the omission, and it is error to refuse to correctly instruct on the subject indicated.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 675; Dec. Dig. § 261.*]

4. APPEAL AND ERROR (§ 750*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Where counsel requested, and the court refused, a charge on an issue not submitted by the general charge, but the requested charge was objectionable as on the weight of evidence, an assignment of error to the refusal "because it correctly stated the law, and was applicable and was not given in the charge to the jury," does not present the question whether the court, after its attention was called to an omitted issue by an objectionable request to charge, erred in failing to give a correct charge on such issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Action by E. E. McBrayer against the Southwestern Portland Cement Company. Judgment for plaintiff, and defendant appeals. Affirmed on rehearing.

Burges & Burges, for appellant. F. G. Morris, S. B. Gillett, and Patterson & Wallace, for appellee.

PETICOLAS, C. J. This was a suit by the appellee, as plaintiff, alleging in substance that, while working for appellant (defendant below) as a carpenter, he was injured by the breaking of a ladder furnished by the defendant which was defective and which defendant had failed to fully inspect. There was a judgment for plaintiff, and defendant appealed.

The defendant pleaded that the ladder used by appellee was an ordinary ladder, its construction and condition obvious to any one using same, and plaintiff as a carpenter was so familiar with ladders that no duty of inspection devolved on defendant. and it now contends that it comes within the rule of law laid down by the Supreme Court in Railway v. Larkin, 98 Tex. 225, 82 S. W. 1026, 1 L. R. A. (N. S.) 944, and therefore the general exception should have been sustained and that no recovery can be had. Ap-

pellant likewise assigns error on the refusal of the trial court to give a charge requested by it embodying this question of whether there was any duty of inspection on defendant. The appellee contends that the ladder, under all the circumstances and facts in this case, and the method of its use, was such as that the use of the ladder did not fall under the rule of law laid down in the case referred to, and contends that the injury and accident in this case are to be governed by the ordinary rules of law, and therefore, the relation of master and servant obtaining between plaintiff and defendant, there would be upon the defendant the usual and ordinary duty of inspection. The appellant contends that in this particular case there was no duty of inspection upon the master. We do not think the general demurrer should have been sustained. In the Larkin Case, referred to, Judge Brown held, as we read that decision, that a lantern globe in the general custody of the servant injured by its breaking was so simple and common an appliance as under the circumstances of that case to relieve the master of any duty of inspection. Or, in other words, that as a matter of law under the facts of that case an ordinarily prudent man would not have inspected the lantern, and therefore the failure to do so was not negligence. In Drake v. Railway, 99 Tex. 240, 89 S. W. 407, in which case a servant was sent upon a car to use a hook in drawing rails upon the car, which hook was already thereon and with which he was unfamiliar, and which was worn, bent, and defective, and which he was required to use hurriedly, Judge Williams said: "In determining whether or not the evidence raises an issue of fact for the jury as to the master's negligence, the facts are to be considered in their combination and an answer found to the inquiry whether or not they warrant a reasonable opinion that there was wanting on the master's part that ordinary care exacted by the law for the safety of his employé. This is not to be determined in a case like this by any hard and fast rules of law. as to the duty of inspection, but by the judgment of rational minds upon the facts, and if there be room for reasonable differences of opinion the judgment of a jury must be taken." In that case a recovery by plaintiff was sustained. In Adams v. Railway, 101 Tex. 5, 102 S. W. 908, cited by appellee, the Supreme Court, answering a certified question, held that where a master furnished a ladder for the servant's use in descending into a tank car, where the servant had called attention to a defect in the ladder and had the promise of its repair, where the ladder was in the dark car when used, was defective, and did break, that plaintiff's right to recover should be submitted to the jury.

[1] From these cases we deduce that ma-

chinery and tools furnished by a master for the servant's use may be so intricate and complex that any ordinarily prudent man would, as a matter of law, have inspected the appliance, and it is not necessary for the court to submit the facts to the jury as to whether in the given case an ordinarily prudent master would have inspected, but may directly charge them that the law requires of the master the duty of inspection. Again, a case may arise (like the Larkin Case) in which as a matter of law the tool or appliance used is under the circumstances so simple and common, and one with which the servant is so familiar, that an ordinarily prudent master would not have inspected, and it is proper for the trial court to tell the jury that no duty of inspection devolved on the master. But it would seem that there may arise a case in which rational minds may differ as to whether the tool or appliance used is, under the circumstances of the given case, in the one class or the other, and as to whether an ordinarily prudent man would under the circumstances have inspected or not, and such we believe is the case at bar. It was not such a case as that the trial court should have instructed that there was, as a matter of law, no duty of inspection on the master, nor a case in which the court might instruct definitely that there was a duty of inspection, but was one in which the court should have submitted to the jury the question whether, under the circumstances, an ordinarily prudent man would have inspected the ladder, and whether the failure to inspect, if such there was, was negligence. The appellant requested a charge on this issue which, though not correct in itself, was, we believe, sufficient to call the court's attention to the issue and to have required from him a charge thereon, affirmatively presenting the question of whether, under these facts, there was any duty of inspection on the master. See Carpenter v. Dowe (Civ. App.) 26 S. W. 1002; Railway v. Cusenberry, 86 Tex. 525, 26 S. W. 43; Leeds v. Reed (Civ. App.) 36 S. W. 348.

The difficulty that we have had in determining the correct rule of law in this case was to determine whether there are the three classes of cases which we mentioned, or whether there are but two classes. In other words, whether it is the duty of the court to determine, as a matter of law, that in the given case a duty of inspection rested on the master, or that no duty of inspection did rest on him, and we feel very different in holding that there is a third class of cases, where the question of whether or not there is in the given case a duty of inspection becomes one of fact. In the Larkin Case referred to, in discussing the issues there presented, Judge Brown said: "There may be, and doubtless are, cases in which it is a question of fact that should be submitted to the jury as to whether the machinery or implements, tools, and the like, were of such character

as to require inspection as a safeguard against danger." We have concluded, therefore, as heretofore indicated in this opinion, that there is this third class of cases, that this case is one of them, and that the trial court should have submitted to the jury as an issue of fact whether or not any duty of inspection rested on the master in this case. We are not unmindful of the fact that plaintiff alleged as negligence not only the lack of inspection, but also that the defendant furnished a defective ladder. Notwithstanding the fact that plaintiff alleged the two grounds of negligence, if the charge requested on the subject of inspection, or a sufficient charge on that subject in lieu thereof was not given, the failure to give it was error, and as we are of opinion that it was error, and such error as was reasonably calculated to have induced a different result had it been given, the case will be reversed and remanded for a new trial. In view of another trial, we may say briefly that we think the evidence justified the submission of the issue whether or not defendant furnished the ladder, and we may say that, while we believe the court's charge was sufficient as a charge on latent defects, yet, if the evidence shall on the next trial call for a charge on latent defects, it might be advisable to give same more fully.

Reversed and remanded.

### On Motion for Rehearing.

At the beginning it will be remembered that in this case the appellee alleged two grounds of negligence: One, that the defendant furnished a defective ladder; the other, that the defendant failed to inspect such ladder. In alleging the issue of failure to inspect such ladder, the appellee made it incumbent on the court to inform the jury to what extent such failure might or might not, under the circumstances, be negligence.

[2] It is contended by appellees in motion for rehearing that whether or not there was a duty of inspection upon the defendant was by the court's charge submitted as an issue of fact. In this we do not agree with counsel. The fifth paragraph of the court's charge was as follows: "If the jury believes from the evidence that the ladder complained of was furnished by defendant through its employés for the use of workmen employed by defendant, and that said ladder was defective and weak in one of its crosspieces by reason of a crossgrain in the wood of said crosspiece or by reason of nails being driven through the ends of it and into the ends of it which may have caused the timber of said crosspiece to split, or by reason of both of said defects, if they existed, and if you shall further believe from the evidence that such defect or defects, if any existed, was or were such as might have been discovered by defendant by the use of such care as an ordinarily prudent person would have used under the same or similar circumstances, and

that defendant failed to use such care to ascertain the condition of said ladder, and that said defects alleged existed and were the cause of said ladder breaking when in use by plaintiff, and caused plaintiff to fall, and to receive injuries to his person such as he describes in his petition, then the jury will find for the plaintiff, unless they shall further find that plaintiff assumed the risk of using said ladder under the rules of law governing that subject which are hereinafter given you, or that the plaintiff should have discovered the defect, if any, by the exercise of ordinary care, as herein charged." To restate this charge in a more succinct manner in order to render clearer its meaning, it would state as follows: "If you believe the ladder was defective, and you believe the defects were such as *might* have been discovered by the defendant by the use of ordinary care, and that defendant failed to use such care, you will find for the plaintiff."

We are of opinion that this is in effect telling the jury that, if the defendant might have discovered the defect and did not, it would be liable. It follows, therefore, that this is a direct statement to them that there would be a duty of inspection on the defendant.

We do not conceive it any part of our duty to indicate to counsel how to prepare charges; but, in view of the fact that counsel suggests that a charge submitting the duty of inspection as an issue of fact could not be prepared, we suggest that by prefacing the paragraph of the court's charge noted with the inquiry of whether an ordinarily prudent man would have inspected, and following by substantially what was given, probably a correctly drawn charge would result.

To our minds, the evidence in this case raises a very serious question, whether an ordinarily prudent man would have inspected the ladder under the circumstances in this case, and we believe it to have been required by the law, as well as by all principles of natural equity and justice, that the question should have been submitted to the jury for their determination as a question of fact, and that the court should not have (as it did) affirmatively told them that there was a duty of inspection on the defendant.

It remains to be seen whether, under the present status of our decisions, we were correct in holding that an incorrect special charge requested may nevertheless suggest a proper charge, and the court's failure to give such charge may necessitate the reversal of the case.

Counsel have cited cases by the different Courts of Civil Appeals, in some of which writs of error have been refused, which they advance as authority for the proposition that it is not error to refuse any special charge unless the same presents an accurately correct statement of the law as applicable to the facts, and, as this seemed to overturn a long series of decisions by the Supreme Court and Courts of Civil Appeals, we have taken occasion to make as careful an investigation of the different cases as our time would permit.

We find three distinct classes of cases on this subject: (a) That class of cases which holds that where two charges are presented on one paper, or where two paragraphs are presented as one charge, and one of the charges, or one of the paragraphs, is incorrect, the court is not bound to give the correct charge, or the correct paragraph. (b) That series of cases in which it is held, without modification or limitation, that a special charge requested, though incorrect in itself, will suggest to the court the presentation of the issue desired, and the refusal to present it is error. (c) A late series of cases in the Courts of Appeals which would seem to hold that it is never error to refuse any special charge that does not accurately state a correct presentation applicable to the facts.

We have not had the time, nor do we deem it necessary, to read all the cases on this subject in the Texas Reports. We have, however, carefully examined some of each class. In the class we designate as "a" may be found the cases of Burnham v. Logan, 88 Tex. 1, 29 S. W. 1067, and Brownson v. Scanlan, 59 Tex. 222. We do not regard these cases as decisive of the question before us, for the reason that they turn not upon whether the incorrect portion of the charge where in two paragraphs, or the incorrect charge where two are given on one paper are suggestive of a proper charge, but turn upon and are based upon the theory that the party presenting the two charges on one paper, or the two paragraphs of one charge, has, by incorporating therein the erroneous portion, or charge, prevented the court from giving the correct charge to the jury, or allowing them to take it in their retirement, without having to allow them to take the incorrect charge. We therefore dismiss these cases from this discussion.

In the second class of cases, those we collate under the letter "b," will be found the following cases: Railway v. Cusenberry, 86 Tex. 525, 26 S. W. 43 (opinion by Judge Gaines of the Supreme Court); Kirby v. Estill, 75 Tex. 484, 12 S. W. 808 (by Commission of Appeals, approved by Judge Stayton); Railway v. Hodges, 76 Tex. 90, 13 S. W. 64 (by Supreme Court); Freybe v. Tiernan, 76 Tex. 286, 13 S. W. 370 (by Supreme Court); Railway v. Hill (Civ. App.) 58 S. W. 255 (writ of error denied); Loan Co. v. Angel, 39 Tex. Civ. App. 166, 86 S. W. 1056; Railway v. Miller, 20 Tex. Civ. App. 570, 50 S. W. 168; Carpenter v. Dowe (Civ. App.) 26 S. W. 1002; Leeds v. Reed (Civ. App.) 36 S. W. 348.

In the third class, or as we believe in the third class, will be found Railway v. Min-

ter, 42 Tex. Civ. App. 235, 93 S. W. 517, and Railway v. Smith (Civ. App.) 100 S. W. 182, in which a writ of error was denied, and Railway v. Oram, 47 Tex. Civ. App. 526, 107 S. W. 74.

In examining this question we find in the case of Railway v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80 (writ of error denied), the following distinctions: "It is well settled that when the court fails to charge on issue, and a special charge is requested, though incorrect, but sufficient to call the court's attention to the omission, the court should submit a proper instruction on that issue. Where, however, the court has made a correct general presentation of the issue, if the party desires a fuller charge on that issue he must request a correct one."

The distinctions announced in this case are, as we read the case, applied by the Supreme Court in the case of Railway v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538, and in which Judge Denman uses this language: "The charge of the court in general terms instructed the jury that if they believed from the evidence that plaintiff's wife failed to use such care as a reasonably prudent person would have used under like circumstances to prevent injury to herself, and that such failure contributed to or caused her injuries, they should find for defendant. The charge being a correct general presentation of the issue, the court was not bound to reform the defendant's special charge, but correctly refused it as presented."

It remains to be seen how far the late cases cited by appellee may be distinguished in accordance with the reasoning of the last two cases mentioned, and in examining them, stating briefly their contents, we find that Cranfill v. Hayden, 75 S. W. 575, turns on the fact that the subject of the special charge refused was fully covered in the main charge. In Cowan v. Brett, 43 Tex. Civ. App. 569, 97 S. W. 330, the special instructions requested covered other grounds, and the court says "was properly refused for reasons not related to the subject under consideration." In the case of Maffi v. Stephens, 49 Tex. Civ. App. 354, 108 S. W. 1008, the discussion of this subject is exceedingly brief; it merely being stated that the rule is that if a requested instruction is imperfect in part the whole of it is properly refused.

In Railway v. Wall, 110 S. W. 453, the trial court had charged generally on contributory negligence, and the defendant requested special charges, specifying certain matters as contributory negligence, which charges the court held insufficient, and held further that, as the trial court had charged generally on contributory negligence, it devolved on the appellant to ask a correct charge.

In Tel. Co. v. Scott, 127 S. W. 587, the court has charged that the defendant must have used ordinary care. A requested, but defective, charge made the test, the precautions and care known to it (the defendant).

It is apparent in this case that the subject had been covered in the court's charge; but, while such were the facts in the case, the Court of Appeals does not seem to make any distinction, but states that, where there is a failure or omission in the court's charge, the refusal of an incorrect but suggestive charge is not error.

It will be seen, however, that, whenever in one of these cases the court has charged on the subject, the Supreme Court in refusing a writ of error might very well do so for that reason, and a refusal of a writ of error in the particular case does not necessarily imply that the doctrine there laid down, that all requested charges must be correct, is approved.

In Railway v. Jackson, 133 S. W. 925, the court had charged generally that they must believe the negligence of defendant was the proximate cause; a special charge was defective and was on the subject of proximate cause. It was there held that that particular charge need not be given.

In Railway v. Cullers, 81 Tex. 382, 17 S. W. 19, 13 L. R. A. 542, by the Supreme Court, the holding is simply that, where the court has instructed on an issue, it was not error to refuse an incorrect special charge.

This brings us to the case of Railway v. Minter, 42 Tex. Civ. App. 235, 93 S. W. 517, by the Court of Civil Appeals. In that case, a railroad company having compromised a claim, the question arose whether the plaintiff, under their agreement and the testimony, was to rely on the promise of the railroad to pay, or whether the payment was a condition precedent to the settlement. A requested special charge on the subject omitted the payment as a condition precedent feature. As we read the case, this subject had also been omitted from the main charge, and that court held that it was not error to refuse a special charge because, though suggestive, it was erroneous.

In H. & T. Co. v. Oram, 47 Tex. Civ. App. 526, 107 S. W. 74, by the same court, the trial court submitted an issue whether an engineer had stopped his engine in the usual and customary way; the requested charge submitted it, whether he stopped in a way skilled persons generally stop them. The Court of Civil Appeals there states that that court has never adopted the suggestive charge rule, and that the trial court is not required to give an imperfect special charge.

In Railway v. Smith, 100 S. W. 182, the plaintiff sued for injury to himself and to his wagon. The evidence was sufficient to raise an issue that the plaintiff was feigning injury. The defense asked a charge, "If you believe from the evidence that the plaintiff was feigning injury and malingering, you will find for the defendant." The Court of Civil Appeals holds that this is an incorrect charge, in that it omits the element of injury to the wagon; that, notwithstanding plaintiff might be feigning injury and not be entitled

to recover for personal injuries, he might yet be entitled to recover for injury to the wagon. They hold that the charge being incorrect, although it was sufficient to call the attention of the trial court to the issues, it did not become the duty of the court to so form his main charge as to embrace the omitted issue.

A writ of error was denied by the Supreme Court in this case, and would seem to indicate that they approved the doctrine there laid down; but we must bear in mind that the court in the nature of things, although it does not appear in the report of the case, must have submitted some issue of whether or not the plaintiff was injured. This would be a general presentation of the issue whether or not plaintiff was injured, and to submit it, as the appellant sought to do, as to whether or not he was feigning injury, would be but a specialization of the matter.

In Railway v. Dean, 119 S. W. 332, a boy with a clubfoot attempted to pass between cars and was injured. The court gave a general charge on contributory negligence. The defendant requested a special charge on contributory negligence, attempting to frame it so that the jury might take into consideration the boy's clubfoot, as it were, in aggravation of his contributory negligence. The Court of Appeals of the First District held that the requested charge was incorrect and that the trial court was not bound to give it; but they put their holding on the proposition that if there was an omission in the court's charge, and if it was error, it was not affirmative error, and therefore the requested charge must have been correct.

From this examination of the authorities it will be readily seen that in a great many cases the suggestive charge doctrine has been denied, ostensibly, yet upon an examination it will be found that the cases themselves are exactly in line with the distinctions drawn by Judge Dennan in Railway v. Shieder, supra. We concede, however, that in one or two of the cases above-mentioned it has been squarely held that it is not error to refuse any special charge unless correctly and accurately drawn and applicable to the facts.

[3] As a matter of policy of what ought to be the law, we are inclined to the view that that rule is correct; but, as we conceive our functions, they are to determine, not what should be the law, but what is the law, and we are of the opinion that the law on this subject is that where the issue has been presented by the trial court in its main charge, although such presentation may be general, yet, if either party desired a fuller charge on that subject, or an affirmative presentation of the issues from their standpoint, it is obligatory upon them to present a charge accurately and correctly written and applicable to the facts. But if the court has failed to charge on a material issue raised by the pleadings and the testimony, then a special

charge requested, although it may in itself be incorrect, yet is sufficient to call the court's attention to the omission, and it is error for the court to refuse to correctly instruct the jury on that subject.

[4] It will readily be seen that the court did fail to charge on a material issue raised by the pleadings. But it is contended by appellee that there is no assignment of error to the failure of the court to give a correct charge. The fifth assignment of error by the appellant was as follows: "The court erred in refusing to give the fifth special charge requested by the defendant, wherein it was stated that the employer is not a guarantor of the safety of the tools or appliances furnished by him for his servants, and that where the appliance is a common tool of which the man who uses it is as well qualified to judge, and who when he uses it has an opportunity to know its condition, the master may rely upon the employé to use ordinary care and diligence to discover the defects in such tool or appliance, because some correctly stated the law and was applicable and was not given in the charge to the jury." And his proposition under the fifth assignment of error was as follows: "The master or employer is not a guarantor of the safety of tools and appliances furnished to the employé, is not responsible for hidden or latent defects not discoverable by reasonable care and diligence, but is only held to the use of such care as an ordinarily prudent man would exercise to discover defects under similar circumstances."

As stated it is contended in the motion for rehearing that there is no sufficient assignment of error to the failure of the court to give a correct charge as to the duty of inspection, if any, upon the defendant, and to this contention in the motion for rehearing, under the late authorities, we are inclined to agree.

In the case of El Paso Electric Ry. Co. v. Harry, 37 Tex. Civ. App. 95, 83 S. W. 737 (opinion by Judge Neill), it is said: "Again, it is insisted that, if the special charge embraced in the assignment of error was not correct, it was sufficient to call the court's attention to the issue involved and required the court to give a proper charge on the subject. A proposition under an assignment of error, stating that, even if a charge was not correct, it was sufficient to call the court's attention to the issue involved and required it to give a proper charge on the subject, cannot be considered in the absence of an assignment alleging that the court should, in view of the request, having given another and proper charge on the subject."

To the same effect are the cases of Equitable Life Assurance Co. v. Maverick, 78 S. W. 560; First National Bank v. Moor, 34 Tex. Civ. App. 476, 79 S. W. 53; and Metcalfe v. Lowenstein, 35 Tex. Civ. App. 619, 81 S. W. 363.

Appellant has no assignment assigning er-

ror on the failure of the court to give a correct charge on the subject of inspection, as suggested by the charge asked.

It is clearly apparent that the charge requested, as set out in the fifth assignment of error, is objectionable and incorrect, in that it is upon the weight of the evidence; therefore the assignment, to its refusal, is not sufficient to reach the question indicated.

We feel constrained, therefore, to grant the motion for rehearing, and to affirm the case, and it is so ordered.