My conclusion is that relator's petition should be granted, and the writ of mandamus should be issued. ·

---

MISSOURI, K. & T. R. CO. OF TEXAS v. MIDDLETON. (No. 7245.)

(Court of Civil Appeals of Texas. Dallas. Jan. 23, 1915.)

1. CARRIERS (§ 321*) — PASSENGER'S ACTION FOR INJURIES—INSTRUCTIONS.

In an action for injuries to a passenger carried by her station, it was error in the charge to use the language "that * * * the employés in charge of the train failed to announce the station * * * in the coach in which plaintiff's wife was riding, or that they knew that I. was her destination, or could have known it by the exercise of proper care, and failed to notify her of the arrival of the train at I., and that by reason thereof she was carried by her station," as it was calculated to lead the jury to believe that, if those in charge of the train knew or should have known that I. was the passenger's station, they owed her the duty to give her special and personal ·notice of the train's arrival there, or some sort of notice other than the announcement of the station in the car in which she was traveling.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

2. CARRIERS (§ 271*)—CARRIAGE OF PASSENGERS—ANNOUNCEMENT OF STATION.

The notice required to be given passengers of the arrival of the train at their destination is given when the station is announced in an audible voice in the coach in which the passenger is riding so that it can be heard by those paying attention and possessed of the ordinary sense of hearing.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1067–1071; Dec. Dig. § 271.*]

3. TRIAL (§ 253*)—PASSENGER'S ACTION FOR INJURIES — INSTRUCTIONS — CONFORMITY TO PLEADING.

In an action for injuries to a passenger carried by the station at I., which was her destination, and carried a short distance by the following station of G., the defendant requested an instruction that, although defendant's employés negligently failed to notify her of the train's arrival at I., and by reason thereof she was carried by, yet, if the conductor subsequently gave her an instrument entitling her to be carried on a train of the defendant from G. to I. and requested her to alight at G., and if such action and direction were reasonable and proper and under the circumstances constituted the degree of care required, and if defendant's employés announced the station at G. in the car in which the passenger was riding in a tone of voice which could have been heard by persons therein having ordinary capacity for hearing, and if the passenger was guilty of negligence in failing to leave the car at G., and if, after the train

pulled out from such station, defendant's employés exercised such care for the passenger and for her comfort and safety as persons of ordinary care would have exercised under the circumstances, to find for defendant. Held, that where the petition alleged that when the train reached I. defendant's employés failed to announce the arrival of the train at I., and carried the passenger to G., which point they announced, but that the passenger, being a stranger and not knowing the order in which the stations would be reached, did not alight, but remained seated and was carried several hundred yards further and then put off in the rain and mud and compelled to walk back to the depot and carry a grip, thereby sustaining injuries, ,the direction to find for defendant if the facts were as hypothesized justified the refusal of such instruction, as the petition did not predicate negligence alone on the fact that the passenger was caused to leave the train after it had pulled out from the station at G., but also relied on negligence in carrying her by I.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. CARRIERS (§ 321*) — PASSENGER'S ACTION FOR INJURIES—INSTRUCTIONS.

With the exception of the direction to find for defendant if the facts were as hypothesized, such instruction stated correct principles and should have been given.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

5. CARRIERS (§ 247*)—EJECTION OF TRAVELERS —NATURE OF RELATION—DEGREE OF CARE REQUIRED.

Where a passenger was carried by her destination, if she was subsequently told by the conductor that she had passed her destination and to get off at the next station, but failed to do so, she ceased to be a passenger, and a different degree of care then rested on the defendant, and it had a right to eject her after carrying her several hundred yards beyond the station, if its employés used ordinary care in so doing and had no reason to believe that it would injure her to eject her at that point.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. § 247.*]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by H. C. Middleton against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant.

RAINEY, C. J. Appellee sued appellant for personal injuries to his wife, alleging in substance that his wife purchased a ticket at Greenville, Hunt county, to Itasca, Hill county, Tex.; that when the train reached Itasca the employés failed to announce the arrival of the train at Itasca and carried her on to Grandview, which point they announced, but plaintiff's wife, being a stranger on that line, did not know which station, Itasca or Grandview, came first, but was listening to hear the station of Itasca called, and did not alight, but remained seated, and was carried several hundred yards before the train stopped, and she was put off in the rain and mud

and compelled to walk back to the depot at Grandview and carry her grip; that in stepping off the train it was some distance to the ground, and she was caused to be ruptured; that walking back to Grandview through the rain and mud she was caused to be sick—all of which was occasioned by the negligence of the defendant. Defendant answered by general demurrer and general denial. A trial resulted in a verdict and judgment for appellee, and the appellant prosecutes this appeal.

[1, 2] The first assignment presented is:

"The court erred in that part of his general charge to the jury in the second subdivision of the third paragraph of said charge, which is in these words: 'That on said date the employés in charge of said train failed to announce the station of Itasca in the coach in which plaintiff's wife was riding, or that they knew that Itasca was her destination, or could have known it by the exercise of proper care, and failed to notify her of the arrival of the train at Itasca, and that by reason thereof she was carried past her station, etc.' "

It is contended that:

"Said part of said charge by reason of its form and construction suggests, and it was calculated to induce the jury to believe, that if defendant's servants in charge of the train knew or should have known that plaintiff's wife was a passenger, and that Itasca was her station, they owed her the duty to give her special and personal notice of the arrival of the train at Itasca, or to give her some sort of notice other than the proper announcement in the car of the arrival of the train at Itasca, and therefore places too great a burden upon the defendant."

We think the criticism of the charge is well taken.

The testimony was conflicting as to whether or not the station of Itasca was announced upon the arrival of the train there. The construction of the charge is such that the jury may have thought from its wording that the mere announcement of the station in the coach appellee was riding in would not be sufficient notice, but that a more specific notice would have to be given the appellee's wife of the arrival of the train at the station of Itasca. It is well settled by the decisions that the notice required to be given passengers of the arrival of the train at their point of destination is for the station to be announced in an audible voice in the coach in which they are riding, so it can be heard by those paying attention and possessed of the ordinary sense of hearing. Railway Co. v. Terry, 27 Tex. Civ. App. 341, 65 S. W. 697; Railway Co. v. McCullough, 33 S. W. 285; Railway Co. v. Miller, 20 Tex. Civ. App. 570, 50 S. W. 168; Railway Co. v. Cohn, 22 Tex. Civ. App. 11, 53 S. W. 698.

[3, 4] The appellant complains of the refusal of the court to give the following charge:

"Although you may believe from the evidence that defendant's servants negligently failed to notify plaintiff's wife of the arrival of the train at Itasca, and that by reason of such failure plaintiff's wife was carried by Itasca, yet if you further believe from the evidence that after the train had left Itasca, and before it had reached Grandview, defendant's conductor in charge of the train gave to plaintiff's wife such

an instrument as entitled her to be carried on a train of defendant from Grandview to Itasca, and requested plaintiff's wife to alight from the train at Grandview; and if you further believe that such action and direction by said conductor, if any, were reasonable and proper, and that such action and direction were at the time and under the circumstances, after defendant's servants had discovered that plaintiff's wife had been carried by Itasca, the exercise of that degree of care mentioned in the first paragraph of the court's charge; and if you further believe from the evidence that defendant's servants, or servant, announced in the car in which plaintiff's wife was riding, in a tone of voice which could have been heard by persons in the car having ordinary capacity for hearing the arrival of the train at Grandview; and if you further believe that plaintiff's wife was guilty of negligence in failing to leave the car at Grandview; and if you further believe from the evidence that defendant's servants in charge of its said train, after said train pulled out from the station at Grandview, exercised such care, for plaintiff's wife, and for her comfort and safety, as persons of ordinary care would have exercised under the circumstances—then and in that event the plaintiff is not entitled to recover in this suit, and you will return a verdict for the defendant.

"In this connection, I instruct you that plaintiff's wife was bound to exercise, as to leaving said train, at any station, that degree of care only which a person of ordinary care and prudence would exercise under the same or similar circumstances; and plaintiff's wife, unless she failed to exercise such ordinary degree of care, would not be guilty of 'negligence' as that term is above applied to plaintiff's wife in connection with the hypothesis of her failure to leave the train at Grandview."

There is one clause in this charge that makes it erroneous and justified the trial court in refusing it, and that is, if the jury so believed to find for the defendant. The appellant argues that the pleadings and the evidence restrict plaintiff's cause of action to such damages as appellee's wife may have suffered through the negligence of appellant's servants in causing her to leave the train after the train had pulled out from the station at Grandview. We do not accept this view of the pleading and evidence, but think the action is predicated on the issue of defendant's negligence in carrying plaintiff's wife beyond Itasca, the place of her destination. Excepting the clause stated, the charge announced correct principles under the evidence and should have been given.

[5] The court's charge was based on the issue of negligence at the station of Itasca, and applied the same rule as to the degree of care at the point where the plaintiff alighted as was applied at Itasca. In view of the evidence, we think a different rule applies. If the appellant was negligent in not announcing the arrival of the train at Itasca, which prevented plaintiff's wife from alighting from the train at that place, and she was not notified that Grandview was the place at which she was to alight, then the same rule would apply as at Itasca; but if after leaving Itasca the conductor notified her that she had passed Itasca and to get off at the station of Grandview, and she failed to do so, then she ceased to be a passenger, and a different de-

gree of care, rested on the appellant. If the conductor gave her the notice as stated, she was no longer a passenger after leaving Grandview, and the appellant's duty was that of ordinary care toward her, and it had the right to eject her at that place if there was no reason to believe it would injure her, and she would not be entitled to damages that accrued to her by reason of being ejected at that point, if the railway employés used ordinary care in putting her off. Railway Co. v. James, 82 Tex. 306, 18 S. W. 589, 15 L. R. A. 347.

The judgment is reversed, and the cause remanded.