### GULF, COLORADO & SANTA FE RAILWAY COMPANY v. A. D. MANGHAM.

Decided May 17, 1902.

**1.—Appeal—Reversal—Preponderance of Evidence.**

The appellate court will not, in a case where the evidence is conflicting, reverse the judgment because the verdict is contrary to the preponderance of the evidence. See evidence not warranting a holding on appeal that the verdict was against the manifest truth of the case.

**2.—Evidence—Mortuary Tables.**

Where it is shown in an action for personal injuries that plaintiff has been in part permanently disabled in his earning capacity, mortuary tables of life expectancy are admissible in evidence

**3.—Contributory Negligence—Charge.**

In an action for personal injuries received by a servant, a requested charge that if plaintiff's act in attempting to get on the engine, the steps of which gave way, was negligence under all the circumstances of the case, he could not recover, was properly refused for want of the qualification that the negligence must have contributed to the injury.

**4.—Charge of Court—Request—Omission.**

Where the court has failed to charge on an issue, the request for a special charge which is incorrect will suffice to call attention to the omission and to require a proper charge on the issue; but where the main charge gives a correct general presentation of the issue, a party desiring a fuller charge thereon must request a correct one, and if, as requested, it be incorrect, the court is not bound to submit a further charge.

Appeal from Johnson. Tried below before Hon. William Poindexter.

*J. W. Terry* and *Ramsey & Odell*, for appellant.

*S. C. Padelford* and *Henry, Patton & Brown*, for appellee.

RAINEY, CHIEF JUSTICE.—This suit was brought by the plaintiff, A. D. Mangham, in the District Court of Johnson County, Texas, against the defendant, the Gulf, Colorado & Santa Fe Railway Company, for damages resulting from injuries inflicted on him by the negligence of the defendant, which injuries caused him the loss and amputation of his right leg. At the time of the injury plaintiff was in the employ of the defendant as cinder pit and roundhouseman, and on the morning of his injury was ordered by his superior to perform the duties of assistant hostler in carrying the engines from the roundhouse to the depot in Cleburne, and in car-

rying engines from the depot to the roundhouse. It was the duty of such assistant hostler to ride upon the engine in going through the switch yards of defendant, and from the roundhouse to the depot, and from the depot back to the roundhouse, and if any of the switches upon said track upon which said engine was running were closed, to get off the said engine and open the switches, so as to let said engine pass, and it was the custom as the engine came along by him, to catch hold of the handholds, put his foot on the step, and climb upon the engine.

On the —— day of October, 1900, the plaintiff was ordered by his superior to go with the hostler as his assistant in carrying the engine of the Cleburne and Paris train from the roundhouse to the depot; he got upon said engine at the roundhouse, as was his duty to do, and started from the roundhouse with said engine to go to the depot; that the step on said engine which was used in getting on and off of same was defective, and that after said engine had gone some distance a switch on the track a short distance ahead was discovered to be closed, and that when the engine got near said closed switch the hostler stopped same, and plaintiff, as was his duty, got off said engine and opened said switch and signaled the hostler. As the engine was slowly passing him, he, as was the custom of employes in defendant's employment, caught hold of the handholds on said engine and placed his foot on the step of said engine, and as he attempted to get back on said engine, the said step, by reason of being defective, turned and caused the plaintiff's foot and leg to be thrown on the iron rail, and the wheels of the engine were caused to roll over same and to crush and mangle same, which necessitated the amputation of his said foot and leg. The defective condition of said step was caused by the negligence of defendant, and by reason of the negligence of the defendant in causing said step to become and remain defective, plaintiff was injured as stated above.

*Opinion.*—The first and second assignments of error complain of the action of the court in overruling defendant's motion for a new trial. Under these assignments appellant presents the following proposition: "Though there be evidence tending to support the verdict, or evidence which, standing alone, would support the verdict, yet if upon the whole case the verdict is contrary to the great preponderance of the evidence, or against the manifest truth of the case, it is not only the authority but the duty of this court to reverse the judgment based on such a verdict."

It is well settled in this State that where there is a conflict in the evidence appellate courts will not reverse because the verdict is contrary to the preponderance of the evidence (Rainbolt v. March, 52 Texas, 251; Railway v. Larkin, 67 Texas, 460; Railway v. Marcelles, 59 Texas, 334; others might be cited), or even where there is a decided preponderance. Chase v. Veal, 83 Texas, 333.

The negligence relied on for a recovery was a defective step of the engine. Appellee testified that when he attempted to get upon the engine

the step turned and caused him to fall. The testimony of a number of appellant's witnesses shows that upon examinations made the step was secure, which could not have existed if plaintiff's testimony was true. Plaintiff had made a written statement as to how the accident occurred, in which he failed to mention a defective step. This statement was made to the agent of the company, and plaintiff testified that "I did not make a full statement to the railroad company because I didn't feel under any obligations to do so." Plaintiff's testimony as to the defective step was corroborated by two other witnesses, while there was some testimony contradicting in some particulars several of appellant's witnesses, which tended to weaken their testimony. If it be conceded that the evidence of appellant preponderated, it did not to such an extent as to warrant an interference with the verdict. Nor does the evidence warrant us in holding that the verdict "is against the manifest truth of the case." The jury having passed upon the credibility of the witnesses and their verdict having been approved by the trial court, and there being evidence to support it, it will not be disturbed.

The trial court did not err in admitting as evidence mortuary tables of life expectancy, it being shown that plaintiff's earning capacity had been permanently partially destroyed. See Railway v. Mangham, 4 Texas Ct. Rep., 682.

The refusal of the following charge is assigned as error, to wit: "You are instructed that the plaintiff in performing his duties was required to exercise such care as an ordinarily prudent man would have exercised under like circumstances. If you believe from the evidence that, considering the time of the day, the state of the weather, the fact that the train was moving and escaping steam obscuring or tending to obscure his vision, an ordinarily prudent man would not have attempted to get on said engine, and that the act of plaintiff in attempting to get on said engine was, under all the circumstances of the case, negligence, then if you so believe you will find for the defendant." The court gave a charge on contributory negligence without grouping facts. The court also gave a special charge asked by defendant, as follows: "It was the duty of plaintiff when he attempted to board the engine, after throwing the switch, to use such care and caution as an ordinarily prudent person would have exercised under like circumstances, and if he failed to do so he would be guilty of contributory negligence and could not recover, although you believe from the evidence that the defendant was guilty of negligence as explained in the general charge." In Railway v. Branch, 4 Texas Court Reporter, 614, it is held where the court instructs the jury in a general way on an issue and also gives a special instruction of the same character, it was not error to refuse a correct charge requested grouping the facts and applying the law thereto on the same issue. We do not, however, base our decision on this holding, for the charge under consideration was erroneous in that it failed to instruct the jury that if they found the facts stated constituted negligence *they must further find that such negligence con-*

*tributed to the injury.* Railway v. Kelly, 34 S. W. Rep., 809; Railway v. Rogers, 40 S. W. Rep., 956.

It is insisted, however, that if it should be held that said charge was incorrect, "it was sufficient to have called the attention of the trial judge to the fact that his charge upon the subject was defective by reason of generality," and that it was the duty of the court to give a proper charge on the subject. It is well settled that where the court fails to charge on an issue and a special charge is requested, though incorrect, but sufficient to call the court's attention to the omission, the court should submit a proper instruction on that issue. See Neville v. Mitchell, 4 Texas Ct. Rep., 157, and authorities there cited. Where, however, the court has made a correct general presentation of the issue, if the party desires a fuller charge on that issue he must request a correct one. If the requested charge is incorrect it is not error for the court to refuse it. Nor is the court bound to further charge on that issue. Railway v. Schieder, 88 Texas, 152; Railway v. Byas, 35 S. W. Rep., 22. We are of opinion that the action of the court in refusing the special charge was not error.

The other assignments of error presented have been considered, but we conclude that no reversible error has been shown, and the judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.