## TEXAS & P. RY. CO. v. BROWDER.

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1912.)

1. TRIAL (§ 194*)—INSTRUCTIONS—CHARGES ON FACTS.

It would be erroneous to instruct that certain facts, grouped in the instruction, constituted negligence, if found to exist; it ordinarily being for the jury to determine whether certain facts constitute negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194;* Negligence, Cent. Dig. §§ 356–360.]

2. APPEAL AND ERROR (§ 742*)—BRIEFS—PROPOSITIONS.

A proposition that a request to charge, even if erroneous, was sufficient to call the court's attention to the question involved, so as to require it to give a proper charge thereon, cannot be considered under an assignment of error to the refusal to give the requested charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—CHARGES ALREADY GIVEN.

A request to charge on contributory negligence was properly refused, where that question was fully covered by the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260;* Carriers, Cent. Dig. § 1407.]

4. TRIAL (§ 242*)—MISLEADING INSTRUCTIONS.

That an instruction, in an action against a carrier for injuries to horses en route, referred in one place to the shipment as "cattle" instead of horses, could not have misled the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

5. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admitting evidence, in an action against a railroad company for injury to horses by failure to unload and remove a horse which was being trampled upon, in permitting plaintiff to testify that on arrival at T. he went to an employé whom he took to be the yard clerk and asked that the horses be unloaded, so that the one down could be gotten up, which was refused, on the ground that such employé had no authority to unload the horses, was harmless, where plaintiff also testified, with-

out dispute, that before reaching T., and afterward, he tried to get the conductor to give him a chance to get the animal up, which the conductor refused to do.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

6. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR.

Any error, in an action against a railroad company for injury to horses by negligent failure to give the shipper an opportunity to remove a horse which was down in the car, in permitting the shipper to testify that after they passed a certain yard he told the conductor that the horse was still down, and the conductor said, "Why in hell did the yardman not get the animal up?" was harmless to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

7. APPEAL AND ERROR (§ 1171*)—TRIVIAL ERROR—INSTRUCTIONS—MEASURE OF DAMAGES.

Any error in instructions on interest for which defendant was liable in an action for injuries to horses en route, which could only have authorized a recovery of two or three cents more than the sum to which plaintiff was entitled under a correct instruction, was not reversible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

Action by Luther Browder against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Earl Conner, and W. L. Hall, for appellant. J. J. Butts, for appellee.

HIGGINS, J. This is an appeal from the county court of Eastland county from a judgment therein rendered in favor of the appellee against the appellant for the value of a horse, alleged to have been killed through the negligence of the appellant while in course of transportation over its line of railway from the city of El Paso to Cisco, Tex. It appears from the evidence that the animal in question was in a car loaded with other horses, which were being shipped by appellee, and while in course of transportation got down in the car and was trampled to death by the other animals; it being contended that the rough handling of the car caused the animal to get down. In addition to the general denial of negligence, appellant pleaded it to be the duty of appellee, under the contract of shipment, to look after and care for the animals while in course of transportation, he having accompanied the same for that purpose, and that he was guilty of contributory negligence in failing to get the animal up, which contributed to its death.

[1] Under the first assignment of error, appellant complains of the refusal of the court to give a special charge to the effect that, if plaintiff failed to perform his duty in looking after said animals, and that such failure was the proximate cause of the injury, they should find for defendant. This charge was properly refused, because it grouped certain facts, and assumed that such facts, if true, were negligence, and instructed the jury, if they found such facts to be true, to find for the defendant. It is for the jury to determine whether a certain state of facts constitutes negligence, and it is erroneous for the court to group certain facts and instruct the jury that such facts constitute negligence, if they find them to be true. This was the practical effect of the charge refused.

[2] Under this assignment of error, appellant submits a further proposition that, if this charge was not correct in form or substance, it was at least sufficient to call the court's attention to the issue involved, and to require the court to give a proper charge on the subject. This proposition is urged in support of an assignment complaining of the refusal of the court to give the charge above mentioned, and there is no assignment complaining that the court should, in view of the request, have given another and proper charge on the subject. In this state of the record, this proposition cannot be given consideration. Railway Co. v. Harry, 37 Tex. Civ. App. 90, 83 S. W. 737; Southwestern Portland Cement Co. v. McBrayer, 140 S. W. 388.

[3] Aside from this consideration, it may be stated that the defense of contributory negligence is fully covered by the court's charge; and the refusal to give the special charge upon the issue of contributory negligence was not error.

The second assignment of error complains of the refusal to give a peremptory instruction in favor of the defendant. Without undertaking to state in detail the evidence, it was sufficient to warrant the jury in finding that the death of the animal occurred through the negligence of the defendant, without negligence upon the part of the plaintiff contributing thereto.

The court in his general charge correctly defined negligence, and the refusal to give appellant's requested instruction, stating the degree of care required of the defendant in transportation of the animals, was not error. The defense of contributory negligence upon part of plaintiff is also correctly submitted in the general charge, and the court committed no error in refusing the special charge requested by the defendant upon that subject.

[4] The proposition urged in support of the fifth assignment of error is obscure; but we gather that complaint is made of a portion of the court's charge, wherein he refers to the shipment as a shipment of "cattle,"

rather than a shipment of horses. We overrule this assignment as being wholly without merit, as the jury could not possibly have been misled thereby or any injury resulted from the inadvertent use of the word "cattle" instead of "horses."

Contributory negligence was correctly defined by the court, and the sixth assignment of error is therefore overruled. The seventh assignment of error is hypercritical, and is overruled.

[5] The eighth assignment of error complains of the action of the trial court in permitting plaintiff to testify that upon arrival at Toyah he went to the yard clerk, or a man he took to be the yard clerk, and asked that the horses be unloaded, so that the animal which was down in the car could be gotten up, and that this man with whom he had the conversation refused to do as requested. We think it reasonably clear that the party with whom he was conversing was one in authority, and that his refusal to permit the unloading of the animals was properly admissible in evidence; but, aside from this, it clearly appears from the testimony of the plaintiff that from the time he first discovered the animal to be down, long before arriving at Toyah, and after passing Toyah, he endeavored to obtain from the conductors of the train an opportunity to get the animal up, and was refused. The conductor in charge of the train is certainly one in authority, and, if it was the duty of the plaintiff to look after the animals and get them up when they got down, it was certainly the duty of appellant to afford him a reasonable opportunity of performing the duty incumbent upon him; and, if there was any error in permitting plaintiff to testify as above indicated, it was harmless.

[6] A bill of exception was also taken to the action of the court in permitting plaintiff to testify that after they passed Toyah he saw the conductor and told him about the animal still being down in the car, and the conductor said, "Why in hell did the yard man not get the animal up?" It seems that Toyah was a division point, and a new crew was in charge of the train after leaving Toyah. We think the statement of the conductor was, perhaps, properly admissible in evidence as a part of the res gestæ. Railway Co. v. Batte, 94 S. W. 345; Paraffine Oil Co. v. Berry, 93 S. W. 1090. But, if it were not admissible, we do not regard it as reversible error.

[7] The tenth assignment of error complains of the measure of damages given in the court's charge; the point being made that the charge permitted the jury to allow interest at 6 per cent. from the date of the injury, rather than interest from the date the horse should have been delivered at

Cisco; it appearing that the horse died in transportation, and was thrown out of the car before arriving at Cisco. Conceding the full force of appellant's contention, the error, if any, could not have harmed it more than two or three cents. We therefore overrule this assignment.

Affirmed.