OLDS MOTOR WORKS v. CHURCHILL et al. (No. 8115.)

(Court of Civil Appeals of Texas. Ft. Worth. March 20, 1915. On Motion for Rehearing, April 17, 1915.)

1. TRIAL  253 — INSTRUCTIONS—COMPLETENESS.

In an action for injuries in being struck by an automobile driven by one of the defendants, where the question was as to the ownership of the machine, a requested instruction to find the title in the driver, if before the accident he had agreed to purchase the car, and if nothing remained to complete the transaction, except the payment of the price and delivery, was properly refused as omitting the element of the intention of the parties to consummate a sale.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig.  253.]

2. APPEAL AND ERROR  232—RESERVATION OF EXCEPTIONS — REQUEST FOR INSTRUCTIONS.

In an action for injuries in being struck by an automobile driven by one of the defendants in a trial trip made in view to its purchase, where the issue as to whether the ownership of the machine was in the driver was submitted to the jury without instructions as to what would constitute passage of title, a requested instruction that title was in the driver if, before the accident, he had agreed to purchase the car, and nothing remained, except to make payment and delivery, while incorrect, operated as a request for proper instructions as to the passage of title, and was sufficient when presented in a separate assignment of error, both in the motion for a new trial below and in appellant's brief, to warrant a consideration of error in failing to charge on the issue of ownership.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig.  232.]

3. EVIDENCE  121 — RES GESTÆ — STATEMENTS AS TO OWNERSHIP.

In an action for injuries by being struck by an automobile, where the issue was as to whether the driver had bought the machine, evidence of a statement, by the driver, that "as long as he had purchased the car, he would like to drive it," was admissible as a part of the res gestæ to show the intention of the party to purchase the car.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338, 1117, 1119; Dec. Dig.  121.]

4. EVIDENCE  148 — RES GESTÆ — STATEMENTS AS TO OWNERSHIP.

In an action for injuries by being struck by an automobile, where the issue was as to whether the driver had purchased the machine, evidence of a statement made by him over the telephone to his brother that he had bought the car was admissible to show an intention to purchase it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig.  148.]

On Motion for Rehearing.

5. APPEAL AND ERROR  742—ASSIGNMENT OF ERROR—FORM.

The failure to comply with rule 31 (142 S. W. xiii), requiring, in an assignment of error, a brief statement of such proceedings contained in the record as are necessary to explain the proposition submitted with a reference to the pages of the record, does not require the court, when such assignment has nevertheless been examined and ruled on, to reconsider the decision and refuse to consider such assignment: the purpose of the rule being merely to conserve the time of the court and prevent unnecessary labor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig.  742.]

Appeal from District Court, Tarrant County; Theodore Mack, Special Judge.

Action by E. E. Churchill and others against the Olds Motor Works and others. From a judgment for plaintiff, defendant named appeals. Reversed and remanded as to appellant Olds Motor Works and appellee Churchill.

---

 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lassiter, Harrison & Rowland, of Ft. Worth, for appellant. Hunter & Hunter and Thos. F. West, all of Ft. Worth, for appellees.

BUCK, J. This suit was filed in the Sixty-Seventh district court of Tarrant county, Tex., by E. E. Churchill against the Olds Motor Works, the Oldsmobile Company, and W. H. Owens, to recover damages for personal injuries alleged to have been received by plaintiff in an accident occurring in the city of Ft. Worth August 16, 1913. From a verdict and judgment for plaintiff for $8,500 against the Olds Motor Works, the latter appeals.

The plaintiff alleged in his petition that the defendant companies had contracted on August 16, 1913, through their agent, D. E. Ford, to sell "a large and powerful automobile" to defendant W. H. Owens, of Denton, Tex., and that delivery of said car was to be made at Ft. Worth, and that said Ford was at Ft. Worth on said day to demonstrate said automobile and teach said Owens how to run it, and that, before the delivery of said car, the said Ford, acting for said defendant companies, together with said Owens, were operating said car when the accident occurred resulting in the injuries to plaintiff. Negligence was alleged against Ford as agent and against both defendant companies, as well as Owens.

Owens answered by general denial and general demurrer. The defendant companies answered that the car in question had formerly belonged to the defendant Olds Motor Works, that Ford was its agent, but alleged that said car had, prior to the accident, been sold to Owens, and it thereupon ceased to be the property of the Olds Motor Works, and further denied that said car was being operated by said Ford at the time of the accident, or was under his control.

The cause was submitted on nine special issues, which were answered favorably to plaintiff on the questions: (1) Of the Olds Motor Works' ownership of the car; (2) of the car's being operated by its agent Ford at the time of the accident; (3) as to the question of said Olds Motor Works' negligence; and (4) as to the plaintiff's lack of contributory negligence—whereupon a judgment was rendered by the court in favor of Owens and the Oldsmobile Company but against the Olds Motor Works in the sum named.

The main issue involved in the trial court was as to the ownership of the car, and as to whether, at the time of the accident, it was under the control and being operated by Owens or by Ford, as the agent of the defendant companies. Negligence in the operation of the car was practically admitted and amply sustained by the evidence.

D. E. Ford, the agent of the appellant, met W. H. Owens by appointment at Ft. Worth on the afternoon of Saturday, August 16th, to endeavor to sell him an automobile. They drove around the city in the car Ford was trying to sell, during which drive Owens operated the car for some 15 minutes and satisfied Ford, as the latter states, that he was capable of operating the car without danger of accident. After the drive, they went to the garage, where Ford was keeping the car and examined the car somewhat in detail. Owens then signed an order for the car, according to the terms of which order the car was to be delivered at Ft. Worth, Tex., f. o. b., on said August 16, 1913, at an agreed price, which order was also signed by said D. E. Ford, salesman.

It was agreed that Owens and Ford should go to Denton the following Monday morning and be there at the opening of the bank where Owens claimed to have his account, whereupon Owens should pay the purchase price and the car should be delivered to him by Ford. After supper Saturday night Owens and Ford went driving again, Owens driving the car, and at about 8 p. m., while he was attempting to turn from Weatherford street onto Commerce street, the car ran into plaintiff and his little son, knocked them down, and dragged them for some distance.

[1] In its ninth assignment, appellant complains of the failure and refusal of the court to give its special charge No. 2, which was as follows:

"If you should believe from the evidence that in the afternoon, before plaintiff received his injury, D. E. Ford and W. H. Owens operated on the streets of Ft. Worth the car that afterwards struck plaintiff, and that Owens examined said car, and that Owens definitely agreed with Ford that he would take said car at an agreed price and would pay for the same, and that nothing remained to be done in order to complete the transaction between said parties, except for Owens to pay the price and receive complete delivery, and that, after such agreement was made (if the same was made), the car was again taken out on the streets by Owens or by him and Ford and was being operated by Owens at the time of the injury to plaintiff, then you will find, in answer to the special issue relating to that matter, that the title to the car in question had passed to Owens before the injury to plaintiff, and said car was not the property of the Olds Motor Works at that time."

Issue No. 6, submitted to the jury, was: "At the time of the injury, if any, to the plaintiff, who owned the automobile that was being operated?" To which question the jury answered: "Olds Motor Works." Nowhere in its charge did the court submit any instructions to the jury as to what in law would constitute a passing of title from appellant to W. H. Owens, and the jury were left to decide a mixed question of fact and law involved in this issue without any instructions from the court to guide them. The special charge submitted by appellant, quoted above, was incorrect, in that it omitted at least one important element of the conditions which would constitute a sale, to wit, the intentions of the parties to the transactions. Hence we hold that the court did not err in

refusing to give said requested charge. Therefore this assignment will be overruled.

[2] But the tenth assignment presents a more serious question. This assignment is as follows:

"Even if this defendant was not entitled to have its special charge No. 2 given in the exact form presented, still said special charge operated as a request to give the jury correct and appropriate instructions as to the legal principles that should guide and control them in determining whether or not the ownership of the automobile had passed from the Olds Motor Works to W. H. Owens; hence the failure of the court to give the jury correct and appropriate instructions on the subject mentioned was error."

The appellant, in its objections to the court's charge, urged:

"There is error in submitting to the jury said question No. 6, the issue of legal ownership of the automobile, without giving the jury any instructions to guide them in the determination of such question of ownership."

And its amended motion for new trial alleged error in the court's failure to give appropriate instructions upon this issue. Hence we find that the question whether error was committed in this respect is presented to us in proper form for our consideration. With reference to this matter, we believe the rule to be that when the court fails to charge on a material issue, and a special charge is requested, though incorrect, but sufficient to call the court's attention to the omission, the court should submit a proper instruction on that issue; and if proper exception is taken to such failure of the court, and a separate assignment is presented, both in the motion for new trial in the court below and in appellant's brief, he may successfully urge the error of omission in the appellate court. But when the court has submitted a correct general presentation of the issue, if either party desires a fuller charge on that issue, he must tender to the court a correct charge, and, upon his failure to do so, he cannot avail himself of the court's omission. Railway v. Cusenberry, 86 Tex. 525, 26 S. W. 43; Railway v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Railway v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80 (writ of error denied); Electric Co. v. Harry, 37 Tex. Civ. App. 90, 83 S. W. 737; Cement Co. v. McBrayer, 140 S. W. 388, and cases there cited; Railway Co. v. Browder, 144 S. W. 1042.

In this case the court utterly failed to give the jury any instruction to enlighten them as to the law pertaining to one of the controlling issues, to wit, the ownership of the automobile. Therefore we hold that the duty of the court to give such instruction was sufficiently invoked by the tender of the requested charge No. 2, which, though incorrect or defective in some respects, under the circumstances mentioned sufficiently called the court's attention to the omission in its main charge. Hence the tenth assignment is sustained.

[3] In view of another trial, it may be well for us to state that the evidence, to the exclusion of which the first assignment is directed, as to the statement of Owens to Ford, testified to by the latter, to the effect, "He stated to me that as long as he had purchased the car he would like to drive it," is admissible, and not subject to the objections urged. It is a part of the res gestæ of the transaction, and tends to shed light upon what was the real intention of the parties at the time, though its exclusion probably does not present reversible error, because practically, or at least in effect, the same testimony was admitted in other portions of Ford's deposition.

[4] Likewise we think that the part of the question and the answer thereto, to the exclusion of which error is urged in the second assignment, which recites what Mr. Owens said over the phone to his brother about having bought the car, is admissible for the same purpose, and, if offered independent of that portion thereof referring to what Mr. Ford wrote his sales manager, should be admitted.

As to other assignments, we do not feel that they pertain to matters likely to arise upon another trial.

For the error mentioned, the judgment of the trial court is reversed and the cause remanded as to appellant and appellee Churchill, and is undisturbed as to the other two appellees.

On Motion for Rehearing.

[5] Appellee presents a very vigorous motion for rehearing. We feel satisfied as to the correctness of the legal proposition decided by us in disposing of appellant's tenth assignment of error. But in overruling the motion for rehearing we wish to add a few words in answer to the very spirited contention that, in considering appellant's tenth assignment of error, we violated rule 31 (142 S. W. xiii), which requires, among other things, a brief statement of such proceedings, as contained in the record, as will be necessary and sufficient to explain and support the proposition submitted under the assignment with a reference to the pages of the record. Can it be said that there was no statement whatever under the assignment? There was a statement referring us to the statement under the preceding assignment, which set forth the charge which had been requested and refused by the court. This reference we thought sufficient to show the proposition appellant was seeking to establish; that is, that, in view of a general objection to the charge because of an omission, the specially requested charge, although insufficient in form, nevertheless was sufficient to call the trial court's attention to the omission in the general charge complained of. It is true that the statement failed to disclose that the proper objection had been made to the court's charge, or

that a bill of exception had been taken to the refusal of the special charge. And it is further true that appellee in his original brief objected to a consideration of assignment No. 10 on this ground, and we doubtless would have been fully authorized to refuse to consider it. Appellee's objection to the assignment, however, was as follows:

"There is no statement in any of the assignments of error to the effect that bills of exceptions were reserved. See statement following seventh assignment, brief of appellant, pages 36 to 40; eighth assignment, page 40; ninth assignment, page 51; tenth assignment, page 53; eleventh assignment, pages 54 and 55. The twelfth assignment is not followed by any statement whatever. Brief, page 55. Therefore rule 31 has again been violated."

It will be noted that the objection to the statement under the tenth assignment is embodied among like objections to a number of other assignments, and in some way, not now recalled, at least some of us overlooked the objections to a consideration of the tenth assignment. It is doubtless true that numerous decisions may be found, perhaps some on the part of this court, in which assignments so failing in statement have been disregarded; but the question now is: Whether having considered and determined the assignment, shall we, because of the failure to note the appellee's objections and the reason therefor, reverse our ruling, refuse to consider the assignment, and affirm the judgment? We think not. As stated, we entertain no doubt of the correctness of our original conclusion. In the consideration of the assignment, we, as a matter of fact, did refer to the record, and as a matter of fact found that the proper bills of exception had been taken. So that the failure complained of is merely formal. The purpose of the rule evidently is merely to conserve the time of the court and prevent unnecessary labor that may be avoided by statement of the necessary fact with a reference to the page of the transcript where it is exhibited. But it would be extremely technical to say that an announcement made in the disposition of an assignment should be set aside after the court had made the necessary investigation and found that the record in truth contained the facts necessary to show that the party was entitled to have his assignment considered. We are unwilling, at least, to go thus far, and it is accordingly ordered that the motion for rehearing be overruled.