**WICHITA FALLS, R. & FT. W. RY. CO. v. COMBS.** (No. 567–4026.)

(Commission of Appeals of Texas, Section A. Jan. 28, 1925.)

**1. Appeal and error ⟛525(2)—That special requested instructions were not signed by party submitting or counsel held not to warrant refusal to consider them on appeal.**

Purpose of requiring special requested instructions to be signed by party submitting or his counsel is to identify them, and where from record requested charges were identified beyond a reasonable doubt, *held*, Vernon's Sayles' Ann. Civ. St. 1914, art. 1973, was substantially complied with, and refusal to consider such instructions because unsigned was unwarranted.

**2. Master and servant ⟛291(13)—Instruction denying recovery if injury in making coupling was from jerking of train held unwarranted by evidence.**

In action under the federal Safety Appliance Law (U. S. Comp. St. §§ 8605–8623) for injury to trainman's foot while making coupling, instruction to find for defendant if plaintiff was injured as sole and proximate result of jerking, jarring, and kicking of train *held* unwarranted by evidence and properly refused.

**3. Trial ⟛261—Special requested charge submitting issue whether couplings were defective as alleged held properly denied when connected with other matters rendering it misleading.**

In action under the federal Safety Appliance Law (U. S. Comp. St. §§ 8605–8623) for injuries to trainman's foot from alleged defective coupling, special charge to find for defendant if couplings in question were in good condition and not defective or out of repair, though such as should have been given if requested alone, *held* properly refused, when so connected with matter of defendant's liability, if plaintiff placed his foot between couplings, as to be confusing and misleading.

**4. Trial ⟛260(8)—Requested instruction as to proximate cause held properly covered by instruction given.**

Requested instruction that alleged defective appliances must have been proximate cause of injury *held* sufficiently covered by instruction given.

**5. Damages ⟛216(1)—Instruction as to jury's right to consider tubercular condition of plaintiff in arriving at damages held erroneous and properly denied.**

Requested charge that jury should not consider tubercular condition or other health condition of plaintiff not caused by injury in arriving at its verdict *held* erroneous and properly denied; jury being entitled to consider physical condition of plaintiff at time of injury in arriving at damages to which he was entitled on account of mental and physical suffering or lessened earning capacity, regardless of whether he was or was not then suffering from a tubercular condition.

**6. Trial ⟛203(1)—Litigant entitled to have his theory and law applicable thereto affirmatively stated to jury when properly requested.**

Litigant is entitled to have facts and grounds of his defense with law applicable to them affirmatively stated to jury when requested by proper instruction.

**7. Trial ⟛261—Request for incorrect charge affirmatively and specifically submitting particular issues does not require court to give correct one.**

Where court has submitted correct general charge on particular issues, it is incumbent upon litigant, desiring to have those issues affirmatively and more specifically submitted, to submit a correct charge thereon, and his submission of incorrect charge does not require court to submit correct one.

**8. Appeal and error ⟛719(7)—Refusal to give special requested charge to be reviewable must be made basis of assignment of error.**

Court's refusal to give special requested charge to be reviewable must be made basis of assignment of error.

**9. Trial ⟛232(5)—Explanations and definitions of legal terms given to jury should be so stated that jury could readily ascertain their applicability.**

Explanations and definitions of legal terms which Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, requires court to give in submitting special issues, should be tersely stated and so worded that jury can readily ascertain to which special issue such explanations and definitions apply.

**10. Trial ⟛260(10)—Requested instruction held sufficiently covered by another given.**

Requested instruction that jury could assess only damages due and directly caused by injury complained of *held* sufficiently covered by instructions given, and its denial not reversible error.

**11. Appeal and error ⟛207—Argument of counsel as to position of defendant's claim agent held not reversible error.**

In action for injury to train employee, argument of his counsel, "Why, gentlemen, I had rather be a dog and bay at the moon than to be in the position of that claim agent," *held* not reversible error, in view of testimony and lack of request for instruction to jury to disregard such argument.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Leslie Combs against the Wichita Falls, Ranger & Fort Worth Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (250 S. W. 714) on condition remittitur be filed, and defendant brings error. Judgment of Court of Civil Appeals affirmed.

Thompson, Barwise, Wharton & Hiner, of Fort Worth, Jno. B. Howard, of El Paso, R. E. Taylor, of Wichita Falls, Conner & Mc-

Rea, of Eastland, and Chas. L. Black, of Austin, for plaintiff in error.

C. B. Randell, of Sherman, and Ocie Speer, of Fort Worth, for defendant in error.

CHAPMAN, J. Plaintiff in error, railroad company, while engaged in interstate carriage of freight, had in its employ in the carriage of such freight defendant in error, Combs, who was acting in the capacity of freight conductor. While the engine and a string of freight cars was being backed, to a freight car that was standing, for the purpose of making a coupling, Combs, just before the moving car reached the standing car, placed his foot on the drawhead of the moving car for the purpose of placing the couplers in line to make the coupling with the standing car. The cars failed to couple and in the impact Combs' foot was caught by the couplers and injured to such an extent that a portion of it had to be amputated. Combs based his suit on the failure of the railroad company to comply with the federal Safety Appliance Law (U. S. Comp. St. §§ 8605–8623), and alleged that neither of the cars were equipped with couplers that would couple automatically by impact, and set out in his pleadings the particulars in which the couplers were defective, and alleged that the negligence of the railroad company to equip its said cars with couplers that would couple automatically by impact proximately contributed to and concurred in producing and causing plaintiff's injury. Combs recovered a judgment for $40,000 in the trial court, which judgment was by the Court of Civil Appeals of the Eighth District (250 S. W. 714) reduced to $25,000, and the judgment of the trial court was otherwise affirmed.

The first assignment of plaintiff in error is based on the failure of the Court of Civil Appeals to consider certain special charges submitted by plaintiff in error in the trial court. The reason given by the Court of Civil Appeals for not considering these special instructions was that they were not signed by appellant or its counsel. We are aware that our Supreme Court has held in more than one case that special instructions submitted to the trial court should be signed by the party submitting same or his counsel, but in the cases that we have read it seems that the reason given for the necessity of special instructions being so signed is for the purpose of identifying them, and in none of those cases were the special instructions definitely and certainly identified, as they were in the instant case. Article 1973, Vernon's Sayles' Civil Statutes 1914, does not provide that special instructions asked by parties shall be signed by the party or his counsel, and by the terms of said article it appears to us that if the special instructions mentioned in said article can be certainly and definitely identified and that they were requested at the proper time by a certain party, that the provisions of said article are substantially complied with. We find in the record special charges Nos. 1, 1a, 1b, and Nos. 2 to 18, inclusive, each of said special charges being marked refused and signed by the presiding judge, and each marked filed 12—7—1921. Special charges up to and including No. 13 do not show to be signed by the defendant in the trial court nor by its attorney, but charges 14 to 18, inclusive, show to be signed by attorneys for defendant. On the same date that these special charges were filed and on the same date that the court's general charge was filed, there was filed defendant's written exceptions and objections to the court's main charge to the jury, and in said exceptions and objections we find the following:

"Now comes the defendant, Wichita Falls, Ranger & Fort Worth Railway Company, in the above styled and numbered cause, and excepts and objects in writing to the court's main charge to the jury herein and to the various paragraphs thereof and herewith tenders to the court, before the court has read his main charge to the jury, said exceptions and objections, together with defendant's special charges Nos. 1, 1a, 1b, and all other special charges up to and including special charge No. 19."

This instrument is signed by attorneys for defendant, and after the signature of the attorneys for defendant we find the following certificate over the signature of the presiding judge:

"The foregoing exceptions and objections to the court's main charge to the jury, as well as all of the special charges herein, were submitted to me after I had furnished counsel with a copy of the court's main charge and before said main charge was read to the jury trying this case."

[1] These are the only special charges shown in the record, and there is nothing in the record that would indicate that plaintiff in the trial court tendered to the judge any special charges, and with all these facts before us we are brought to the conclusion that beyond a reasonable doubt the special charges Nos. 1, 1a, 1b, and up to and including special charge No. 14, although they were not signed by counsel for defendant, were presented to the court by defendant in writing before the court submitted his main charge to the jury and were by the court acted on and refused, and because of such certainty of identification, we are of the opinion that in the submission of said special charges article 1973 of Vernon's Sayles' Civil Statutes was substantially complied with and that said special charges ought to have been considered by the Court of Civil Appeals.

[2] The second assignment of error is based on the failure of the court to read to the jury defendant's special requested instruction No. 1a, which is as follows:

"In this case you are instructed that if you find and believe from the evidence that the

plaintiff was injured as the sole and proximate result of the jerking, jarring, and kicking of the train in question, then you will return a verdict for the defendant."

We have carefully examined the statement of facts and failed to find any testimony that there was any jerking, jarring, or kicking of the train when it was being backed for the purpose of making the coupling and nothing to show that the train was moved in any other way than in the usual and customary way for making couplings. The nearest approach to any testimony along this line is that of the plaintiff wherein he testified on cross-examination that if it had not been for the lurch of the train that his foot would not have slipped to where it was caught and would not have been hurt, but on examination of this testimony it plainly appears that the lurch mentioned was that caused by the impact at the time the moving car reached the standing car, and there is nothing to show that this impact or connection was made in any other than in the usual and customary manner of making such couplings. We therefore find that the trial court properly refused to read this special instruction to the jury.

The third assignment of error is disposed of in the discussion of the second assignment.

[3] The fourth and fifth assignments complain of the failure of the court to give defendant's special charge No. 10, which is in these words:

"In this case you are instructed that if you find and believe from the testimony that the couplers in question were in good condition at the time of the plaintiff's injury, and that the said couplers were not defective and out of repair, and you further find and believe from the evidence that plaintiff put his foot in between the cars while they were moving, or while either of them was moving, and that the putting of his foot in between said cars while moving was the direct and proximate cause of his injury, and but for which he would not have been injured, and if you further find and believe from the evidence that an ordinarily prudent person under the same or similar circumstances would not have placed his foot in between said cars, then you will find for the defendant."

The court charged the jury that if the freight cars of defendant or either of them were not equipped with couplers that would couple automatically by impact to find for plaintiff, and it is not claimed that the court committed any affirmative error in submitting this issue, and it therefore became necessary that if the defendant desired to have this issue affirmatively submitted from its standpoint, that it should have submitted a proper special issue on this question. Defendant in error failed to submit such special issue, but submitted this issue along with other matters in the special charge above set out in such a way that would have confused the jury.

268 S.W.—29

By examination of this special charge it will be seen that the jury, by the giving of it, would have been told in substance that if but for the plaintiff's putting his foot in between the cars he would not have been injured that they should find for the defendant. If the defendant had submitted a special charge to find for defendant, if the couplers were not defective and out of repair, such charge, as we understand the law, should have been given; but we think that this issue is so connected in this special charge with other matters that the special charge as a whole would have been misleading and confusing to the jury, and that the special charge was therefore properly refused.

[4] The sixth assignment is based on the failure of the court to give in the charge to the jury defendant's special charge No. 13, as follows:

"In this case you are instructed that although you may find and believe from the evidence before you that the couplers in question were not in good condition, and were defective and out of repair, and even though there was a violation of the coupler law, you cannot find for the plaintiff on this issue, unless you further find and believe from the evidence that the said defective coupler, if the same was defective, was the direct and proximate result of said injury. Upon this issue, if you so find, you will find for the defendant."

The issue raised in this special charge was properly submitted in the court's main charge in these words:

"Further you are instructed that before you can find for plaintiff, even though you find that the defendant had failed to equip its said cars with couplers as above defined, you must find that this failure, if any, proximately caused or contributed to cause plaintiff's said injury, and if you fail to so find, you will return a verdict for the defendant."

[5] The seventh assignment of error complains of the failure of the trial court to give in charge to the jury defendant's special requested instruction No. 14, as follows:

"In this case you are instructed that if you find and believe from the testimony introduced before you that the plaintiff is suffering from a tubercular condition, or from any other health condition not caused by the injury of the plaintiff as alleged, then you are instructed not to take into consideration such condition in arriving at your verdict. In this connection, you are further instructed that if you find and believe from the evidence that the loss of strength, if any, or the loss of appetite, or the proper lack of digestion was not due to directly or caused by the injury of the plaintiff, as alleged in his petition, then you are instructed that you will not consider such conditions and such ailments in arriving at your verdict."

The court in its main charge on this issue in the paragraph submitting the measure of damages closed said paragraph in these words:

"But you will not consider any physical pain, lessened capacity, condition, or result whatever that did not proximately and naturally result from plaintiff's said injury."

[6,7] It seems to be well settled that a party is entitled, when he requests it by correct instructions, to have the facts or grounds of his defense with the law applicable to them affirmatively stated by the court to the jury. At the time of the trial the defendant was in a very nervous, weak, and emaciated condition, and the issue was clearly raised by the evidence as to whether this condition was caused entirely by the injury to his foot or in part at least by a probable tubercular condition and by a breaking down of defendant's digestive organs, and the issue was also clearly raised as to whether the injury to defendant's foot would cause a loss of appetite or lack of proper digestion at the time of the trial. If this special charge had been correctly drawn it should have been given. The vice in the charge is that it instructs the jury that if plaintiff was suffering from a tubercular conditon not to take into consideration such condition in arriving at their verdict. In arriving at the damages plaintiff was entitled to on account of mental and physical suffering and lessened capacity to labor and earn money, the jury should have been left free to take into consideration the physical condition of plaintiff at the time of the injury, regardless of whether he was or was not then suffering from a tubercular condition. The court in the extract above set out having given a correct general charge on the issues intended to be covered in the special charge, if the defendant desired to have those issues affirmatively and more specifically submitted it was incumbent on it to submit a correct charge, and the submitting of an incorrect charge was not sufficient to require the court to submit a correct one.

In Gulf, C. & S. F. Ry. Co. v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80 (writ of error denied), we find this statement:

"It is well settled that where the court fails to charge on an issue, and a special charge is requested, though incorrect, but sufficient to call the court's attention to the omission, the court should submit a proper instruction on that issue. * * * Where, however, the court has made a correct general presentation of the issue, if the party desires a fuller charge on that issue he must request a correct one."

In Southwestern Portland Cement Co. v. McBrayer (Tex. Civ. App.) 140 S. W. 388 (writ of error denied), this question was the principal one under consideration in that case, and Judge Peticolas reviewed the authorities at length and declared this to be the law:

"* * * We are of the opinion that the law on this subject is that where the issue has been presented by the trial court in its main charge, although such presentation may be gen-

eral, yet, if either party desired a fuller charge on that subject, or an affirmative presentation of the issues from their standpoint, it is obligatory upon them to present a charge accurately and correctly written and applicable to the facts. But if the court has failed to charge on a material issue raised by the pleadings and the testimony, then a special charge requested, although it may in itself be incorrect, yet is sufficient to call the court's attention to the omission, and it is error for the court to refuse to correctly instruct the jury on that subject."

In Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538, the court having given a correct general charge, intended to be covered in the special charge, and the special charge being defective, Associate Justice Denman wrote as follows:

"The charge being a correct general presentation of the issue, the court was not bound to reform defendant's special charge above, but correctly refused it as presented."

In St. Louis S. W. Ry. Co. of Texas v. Bradberry (Tex. Civ. App.) 237 S. W. 364 (writ of error denied), the issue was raised as to whether plaintiff could have lessened his personal injury by an operation. The court in connection with the charge on the amount of damages instructed the jury—

They might "take into consideration the nature and extent of the plaintiff's injuries, if any; the pain, if any, he has suffered and will hereafter suffer; and the diminished ability, if any, to labor and earn money plaintiff has sustained as the direct and proximate result of such injuries."

The defendant asked the following special charge, which was held by the court not to be a correct one:

"It is the duty of one injured by the negligence of another to use ordinary care to lessen the damage resulting from the injury, and if you believe from the evidence that an ordinarily prudent person under similar circumstances would, within a reasonable time after he had been injured as was plaintiff, have been operated on for the hernia, and that plaintiff, had he been so operated on, would have been cured of the hernia within a reasonable time thereafter, then you should allow him only such damages as you may believe resulted to him from said hernia during the time intervening between the injury and the time that an ordinarily prudent person under similar circumstances would have been operated upon and cured of such hernia."

Defendant insisted that if the instruction was not a correct one, it was error for the court to fail to prepare and give a correct instruction with reference to the feature of the case the refused special charge was intended to cover. The court overruled this contention and made this statement:

"The rule in this state denies a right in a party complaining to have a judgment reversed for such an error, where he has failed, as here, to formulate and request the court to give an

instruction correctly presenting the omitted feature in the instruction given."

This holding is sustained by the following authorities: S. P. Ry. Co. v. Sorey (Tex. Civ. App.) 142 S. W. 119; Olds Motor Works v. Churchill (Tex. Civ. App.) 175 S. W. 785; Roberts v. Houston Motor Car Co. (Tex. Civ. App.) 188 S. W. 257; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89; Alamo Iron Works v. Prado (Tex. Civ. App.) 220 S. W. 282; Ft. Worth & D. C. Ry. Co. v. Thompson (Tex. Civ. App.) 222 S. W. 289; Collins v. Megason (Tex. Civ. App.) 228 S. W. 583; cases cited in section 52, notes under article 1973, V. C. S.

[8] Plaintiff in error did not make an assignment on the failure of the court to give a correct charge under the circumstances last above mentioned. The following cases hold that such an assignment is necessary: Southwestern Portland Cement Co. v. Mc-Brayer (Tex. Civ. App.) 140 S. W. 388; Olds Motor Works v. Churchill (Tex. Civ. App.) 175 S. W. 785; T. & P. Ry. Co. v. Browder (Tex. Civ. App.) 144 S. W. 1042; El Paso Electric Ry. Co. v. Harry, 37 Tex. Civ. App. 90, 83 S. W. 735; Metcalfe v. Lowenstein, 35 Tex. Civ. App. 619, 81 S. W. 363; First Nat. Bank of El Paso v. Moor, 34 Tex. Civ. App. 476, 79 S. W. 53; Equitable Life Assur. Soc. v. Maverick (Tex. Civ. App.) 78 S. W. 560; Gulf Production Co. v. Gibson (Tex. Civ. App.) 234 S. W. 906.

[9] The special charge discussed under this assignment, as drawn, seems rather general when applied to a charge on special issues. Article 1984a, V. C. S., has this provision with reference to special issues:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. * * *"

We think the explanations and definitions mentioned should be tersely stated, and so worded that the jury may readily ascertain to which special issue such explanations and definitions are intended to apply.

[10] The eighth assignment complains of the refusal to give defendant's special charge No. 15:

"In this case you are instructed that you must and cannot consider any damages, and neither can you find in favor of plaintiff, and against the defendant, any damages that are not the direct and proximate result of the plaintiff's injuries as alleged by him in his petition, and in your deliberations, and in your findings, you will not allow the plaintiff any damages for any suffering either mentally or physically that was not due or directly caused by, and the result of the injuries alleged in the plaintiff's petition."

This charge was substantially covered in the court's main charge in the part copied in our discussion of assignment No. 7, and there is not enough difference in the two charges to require a reversal on account of the refusal to give the special charge.

[11] The tenth assignment of error complains of the argument of plaintiff's counsel to the jury, wherein the following language is used:

"Why, gentlemen, I had rather be a dog and bay at the moon, than to be in the position of that claim agent."

We have examined the testimony of the claim agent referred to by counsel and find that he gave much testimony as to whether or not a certain book of rules of the railroad company had been printed and distributed at a certain time, and that his testimony as to this matter was subject to criticism, and under these circumstances we think that the remarks of counsel did not constitute reversible error when the fact is taken into consideration that counsel for defendant did not ask the court to instruct the jury to not consider the argument. We think that the other assignments of error raised in this court have been properly disposed of by the Court of Civil Appeals.

Our recommendation of a judgment affirming that of the Court of Civil Appeals does not imply approval of the action of that court in attempting to remedy, by means of a remittitur, the error in so grossly excessive a verdict as that returned in this case. No error is assigned in the petition for a writ of error to this action of the Court of Civil Appeals, and besides that court's jurisdiction over this matter may have been final. However, the extraordinary size of the original verdict and the circumstances disclosed by the record have challenged our attention, and we have given earnest consideration to every assignment presented by plaintiff in error. We find no substantial error which, under the law, will warrant a reversal.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.