**YELLOW CAB CO. v. WALDIE.** (No. 416.)

(Court of Civil Appeals of Texas. Waco. Nov. 4, 1926. Rehearing Denied Dec. 23, 1926.)

**I. Trial ⬅═350(7)—Defendant held entitled to submission of issue whether plaintiff could have stopped automobile before collision with defendant's taxicab at street intersection.**

In action for injuries in collision between plaintiff's automobile and defendant's taxicab at street intersection, evidence *held* to entitle defendant to submission of issue whether plaintiff, by exercising ordinary care, could have stopped in time to prevent collision.

**2. Trial ⬅═351(2)—Defendant was entitled to proper submission of issue of contributory negligence, though requested charge was broader than pleadings.**

Where court failed to present issue of contributory negligence in his main charge, defendant was entitled to proper submission thereof, though court deemed his requested charge broader than justified by his pleadings.

**3. Trial ⬅═352(4)—Defendant held entitled to submission of issue of contributory negligence only on particular grounds pleaded and supported by evidence.**

Defendant *held* entitled to submission of issue of contributory negligence to jury on each particular ground pleaded and supported by any evidence, but not to general submission thereof in addition.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by W. B. Waldie against the Yellow Cab Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Witt, Terrell & Witt, of Waco, for appellant.

E. B. Baker and Nat Harris, both of Waco, for appellee.

GALLAGHER, C. J. Appellee W. B. Waldie sued appellant Yellow Cab Company, a corporation, for damages for personal injuries which he alleged he received in a collision between a motorcab operated by appellant and an automobile operated by him. The case was tried to a jury. Appellee's evidence showed that he was driving his automobile northward on South Fifth street over and across the intersection of the same with Mary street in the city of Waco; that appellant's cab approached him from the left going eastward on Mary street; that said cab was being driven at a high rate of speed; that it struck the automobile driven by him on the left front fender and wheel, wrecking the car and inflicting serious injuries upon him. Appellant's testimony showed that its employee was driving its said cab eastward across said street intersection; that appellee drove said automobile operated by him violently against the hind wheel of said cab; and that the damage to said automobile and the injuries sustained by appellee resulted solely from the impact of said automobile against the side of its cab.

The issues submitted and the answers of the jury thereto are as follows:

By the Court:

"No. 1. Did the plaintiff, W. B. Waldie, on or about the 30th day of May, 1924, receive an injury in a collision between his car and a yellow cab? Answer: Yes.

"No. 2. Was defendant's agent negligent, as that term has been defined to you, in operating

said cab at the time and place of said collision? Answer: Yes.

"No. 3. Was such negligence, if any, the direct and proximate cause of said collision? Answer: Yes.

"No. 4. What amount of money, if any, if paid now in cash, would reasonably compensate the plaintiff for the injuries sustained, if any, in said collision? Answer: $1,800."

At request of appellant:

"Did the plaintiff fail to keep a reasonably proper lookout for approaching automobiles at the intersection of South Fifth street and Mary street at the time and under the circumstances? Answer: No."

The court rendered judgment for appellee on said verdict, and appellant presents the same for review by this court.

### Opinion.

[1] Appellant objected to the charge of the court as follows:

"Defendant objects and excepts to the court's charge in the form of special issues because the court fails to submit the issue of contributory negligence as pleaded by the defendant and as raised by the evidence in this case."

The court overruled said objection. Appellant also requested the court to submit two special issues on contributory negligence. The court submitted one of said issues, as shown above, but refused to submit the other requested issue. The issue so refused is as follows:

"After discovering the approach of the defendant's yellow cab at the intersection of Fifth and Mary streets at the time and under the circumstances in evidence before you, could the plaintiff have, by the use of ordinary care, stopped his automobile or turned to the right and avoided the collision?"

Appellant also requested the court to submit the issue of proximate cause in connection with such requested issue. The action of the court in refusing to submit said issue as requested is presented as ground for reversal. Appellant pleaded contributory negligence on the part of appellee in the following particulars: (a) In driving his automobile into appellant's cab; (b) in failing to keep a proper lookout for approaching vehicles; (c) in failing to exercise control of his car and to apply the brakes thereon in time to stop the same and prevent running into said cab; and (d) in failing to exercise ordinary care for his own safety in crossing Mary street. Each of said acts of contributory negligence so charged was alleged to have been the proximate cause of appellee's injuries. There was, as heretofore shown, a direct conflict in the evidence as to which car struck the other. The court submitted the issue of failing to keep a lookout, and the jury answered the same against appellant. The requested issue which the court refused presented a different phase of contributory negligence. It submitted the is-

sue of whether, after having discovered the approaching cab, appellee, by the exercise of ordinary care, could have stopped his automobile and thus have avoided the collision. Appellant's witness Lumus, who was driving its cab at the time, testified that he was going about 15 miles an hour; that he did not see appellee's car until it was right on him; that appellee's car struck his cab on the right-hand rear wheel; that his cab traveled 15 or 20 feet after being struck and that the impact swung it around in a half circle; that there was no bumper on the cab; and that it was not damaged in any way except a scratch on the rear hub cap. Appellee testified in his own behalf in part as follows:

"I did not see the yellow cab when I entered the intersection of Mary street and Fifth street; I did not see him until he was on me, almost; of course, I saw him, but I didn't know he was going to hit me; I came up on the track and he was skidding at the time. Well, when I saw him he was about, I expect 50 feet, nearly, of the property line on the west side of Fifth street, and my automobile had reached around about the center of Mary street at the time of the impact. * * * He was going so fast that he carried me around and headed both of us towards Dr. Pepper (a building at the southeast corner of said street intersection). It seemed that he turned a little to the right before he hit me; * * * I tried to turn a little myself, you know, and he kind of turned and his wheel hit me and went on around with me. He tried to go in front of me; he never tried to go behind me. * * * From what I saw of the yellow cab before he hit me, I think he was going about 35 or 40 miles an hour, while I just started up on the railroad, going about 10 miles an hour, something like that. The driver of the cab said he was running fast. * * * The yellow cab hit my left front wheel and bent the steering rods, bent up all the fenders, and tore up all the front end of the car I was driving. His car hit my left front wheel and just mashed the front end of my car."

[2] We think under the evidence appellant was entitled to have the jury determine, in response to a properly submitted issue, whether appellee by the exercise of ordinary care could have stopped his automobile in time to have prevented the collision. Fox v. Dallas Hotel Co., 111 Tex. 461, 475, 240 S. W. 517. Since the court had failed to present any issue of contributory negligence in his main charge, appellant was entitled to a proper submission of that issue by the court whether the court deemed his requested charge, under consideration broader than justified by his pleadings or not. Progressive Lumber Co. v. M. & E. T. Ry. Co., 106 Tex. 12, 13, 14, 155 S. W. 175; Gulf, C. & S. F. Ry. Co. v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80, 82 (writ refused); Graves v. Haynes (Tex. Com. App.) 231 S. W. 383, 385.

[3] Appellant also prepared and requested a third special issue, which reads as follows:

"Did the plaintiff, W. B. Waldie, without exercising ordinary care for his own safety, under-

take to cross Mary street on the occasion in question?"

Appellant was entitled to have his contention that appellee was guilty of contributory negligence submitted to the jury for determination on each particular ground pleaded and supported by any evidence, but he was not entitled to a general submission of the issue in addition thereto. Fox v. Dallas Hotel Co., supra.

The other matters complained of will not necessarily arise on another trial. The judgment is reversed and the cause remanded.